JOURNAL ENTRY AND OPINION
Plaintiff-appellant Frederick D. Harris, M.D., appeals from the trial court granting defendants-appellees Carl Walker and the City of Cleveland's motion for judgment on the pleadings. For the reasons adduced below, we affirm.
A review of the record on appeal, indicates that Dr. Harris was operating a motor vehicle on November 12, 1994 within the City of Cleveland, when he was pulled over by Cleveland Police Patrolman Carl Walker. The offense was traveling in excess of the posted speed limit; a minor misdemeanor. Dr. Harris was arrested, incarcerated for a short time, and issued a traffic citation.
On May 13, 1998, Dr. "Harris filed a Complaint alleging that: (1) Officer Walker, while acting under the color of state law, had deprived him of his liberty without due process of law when Officer Walker arrested and incarcerated him for a minor misdemeanor rather than simply issuing a traffic citation; (2) the City permitted a pattern and practice of unjustified, unreasonable and illegal conduct by its police officers against citizens; and, (3) the practices and flaws in the City's review process of improper police conduct caused Officer Walker to engage in the conduct complained of against Dr. Harris. The case designation sheet attached to the Complaint identified the subject matter of the case as a civil rights action.
On June 19, 1998, the City filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The City argued therein that Dr. Harris refused to provide Officer Walker with basic information to be used in the issuance of a traffic citation and also refused to sign the citation, so Officer Walker arrested Dr. Harris and incarcerated him. The City posited that: (1) Dr. Harris's claim of false arrest/imprisonment was barred by a two-year statute of limitations pursuant to R.C. 2305.10; (2) the false arrest claim was barred by the application of res judicata and/or collateral estoppel because Dr. Harris was convicted of the underlying traffic offense; (3) application of R.C. 2935.26(A)(3) "provided probable cause for the arrest; (4) "the second and third causes of action, which alleged a civil rights violation, were barred by a two-year statute of limitations or by a lack of sufficient notice when pleading the claims.
Dr. Harris filed a brief in opposition on August 20, 1998 on the motion to dismiss. On September 23, 1998, the trial court denied the motion to dismiss. See Journal Vol. 2261, page 404.
On October 28, 1998, the City filed a motion for judgment on the pleadings arguing that it was immune from suit on all claims presented by Dr. Harris by application of R.C. 2744.02. Dr. Harris filed his brief in opposition to judgment on the pleadings on December 10, 1998. The City filed a reply brief thereto on January 13, 1999.
On March 24, 1999, the trial court, without opinion or elucidation using a half-sheet status form entry, granted the City's motion for judgment on the pleadings solely pursuant to the court's belief in the application of sovereign immunity under R.C.2744.02. See Journal Vol. 2322, page 736. The notice of appeal from this final order was filed on April 22, 1999, by Dr. Harris.
The lone assignment of error provides:
I
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS.
A motion for judgment on the pleadings is provided by Civ.R. 12 (C), which states:
 After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.
In order to be entitled to dismissal under Civ.R. 12 (C), it must appear beyond doubt that Dr. Harris can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in Dr. Harris's favor. State ex rel. Findlay PublishingCo. v. Hancock Cty. Bd. of Commrs. (1997), 80 Ohio St.3d 134, 136;Slone v. Aerospace Design Fabrication, Inc. (Cuyahoga, 1996),111 Ohio App.3d 725, 730-731, discretionary appeal disallowed in (1996), 77 Ohio St.3d 1482. It must be noted that "it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings." Slone, supra,111 Ohio App.3d at 731.
In the case at bar, the City moved for judgment on the pleadings solely on the basis that sovereign immunity applies. In particular, the City argued, in cursory fashion within the space of basically one typewritten page, that the provision of police services is a governmental or proprietary function and that immunity is provided thereto pursuant to R.C. 2744.02(A)(1) and (C)(2) for Dr. Harris's claim for, as phrased by the City, "false arrest." This novel legal theory of immunizing a local government from an alleged federal rights violation vis-a-vis 42 U.S.C. § 1983
is utterly misplaced because R.C. 2744.09(E) specifically permits civil claims for alleged violations of the constitution or statutes of the United States. See Wohl v. Cleveland Bd. of Ed. (N.D. Ohio, 1990), 741 F. Supp. 688; Hogan v. South Lebanon (1991), 73 Ohio App.3d 230;Cutts v. City of Canton (Jul. 6, 1998), Stark App. No. 1997 CA 00405, unreported, 1998 WL 429910, at 2.
Reviewing the claim presented by Dr. Harris, it is evident that he alleged a violation of his Fourth Amendment right to be free from unreasonable search and seizure by Officer Walker, who was acting under the color of state law at the time of Dr. Harris's arrest. By virtue of this alleged federal substantive right deprivation, we conclude that the allegations of the Complaint sufficiently stated a claim, if true, alleging a civil rights violation pursuant to 42 U.S.C. § 1983. It matters not that Dr. Harris did not specifically mention 42 U.S.C. § 1983 within the Complaint because all that is required to state a cause of action under that federal authority is to allege the following: (1) that the victim has been deprived of a federal right; and, (2) that the actor depriving him of that federal right acted under the color of law. See Cooperman v. Surgical Assoc., Inc. (1987), 32 Ohio St.3d 191,199, citing Gomez v. Toledo (1980), 446 U.S. 635,100 S.Ct. 1920, 64 L.Ed.2d 572; Bridges v. Butch (Cuyahoga, 1997),122 Ohio App.3d 572, 576.
Finally, the City argues that the statute of limitations had expired as of the filing of the Complaint. This argument is premised on the application of a two-year limitation period for the civil rights violation. This argument has merit.
This court applies a two-year statute of limitations period under R.C. 2305.10 for Section 1983 claims. See Francis v. City offCleveland (Cuyahoga, 1992), 78 Ohio App.3d 593, 596-597; also seeErkins v. Cincinnati Mun. Police Dept. (Oct. 23, 1998), Hamilton App. No. C-970836, unreported, 1998 WL 735367, at 2 (the court notes a split of authority concerning the appropriate statute of limitations period for a Section 1983 action, but concludes that a two-year limitation period pursuant to R.C. 2305.10, and not a four-year period under R.C. 2305.091[D], applies after reviewing a host of case law).
To summarize, the trial court properly dismissed the action, but for the wrong reason. The court should have dismissed the civil rights action because the two-year statute of limitations period had expired.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TERRENCE O'DONNELL, P.J., and JAMES M. PORTER, J., CONCUR.
 _______________________ JAMES D. SWEENEY, JUDGE