OPINION
{¶ 1} Appellant, Terri A. Poppy, appeals from a judgment of the Lake County Court of Common Pleas, granting summary judgment in favor of appellee, the Willoughby Hills City Council. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} Appellant began part-time employment as a clerk for the Willoughby Hills City Council in 1995, with no health benefits, no paid sick time, no paid holidays, or other benefits. Her starting pay rate was $11.50 per hour, with incremental raises to a final pay rate of $16.39 per hour in 2000. She was accountable to the president of the city council, who hired her, and worked as liaison between the council, the mayor, and administrative staff.
 {¶ 3} In 2000 and 2001, appellant consistently worked more hours than full-time employee Randy Slusarz ("Mr. Slusarz"), once the paid lunch hours and other benefits were deducted from Mr. Slusarz's total work hours.
 {¶ 4} Mr. Slusarz began employment with the city in 1989, working as the mayor's full-time administrative assistant beginning in 1996, and receiving full benefits. According to an affidavit by the mayor, "Mr. Slusarz earned approximately $1.24 more per hour than the Clerk of Council based upon his duties, tenure, responsibilities and experience. * * * As Administrative Assistant to the Mayor, Mr. Slusarz's responsibilities * * * are significantly different from the Clerk of Council's[.]"
 {¶ 5} Donald Burth ("Mr. Burth") was also hired as a city building inspector in 2000. According to his resume, he had two years of college education at Western Reserve University and was a licensed electrical contractor, a licensed general contractor, a licensed state fire marshall, a registered building appraiser, and a trustee for the Northern Ohio Electrical Association. Mr. Burth worked part-time, like appellant, but his pay rate was higher.
 {¶ 6} The parties do not dispute that, in June 2000, city council voted down an ordinance which would have made appellant's position full-time.
 {¶ 7} On September 14, 2001, appellant filed an action against appellee in the United States District Court for the Northern District of Ohio, Case Number 1:01CV2176. Appellant put forth claims pursuant to the Civil Rights Act of 1871, Section 1983, Title 42, United States Code, and stated claims for intentional infliction of emotional distress and gender discrimination pursuant to R.C. Chapter 4112. Appellant's federal claim was premised upon her belief that her part-time status and pay rate were a result of the mayor's retaliation because she campaigned for the mayor's opponent in a recent election.
 {¶ 8} In a final order, the District Court concluded that appellant's part-time status and pay rate were not the result of retaliation on behalf of the mayor. The District Court concluded, "Poppy has not shown any deprivation of her First Amendment Rights. * * * Poppy has included claims for violation of Ohio Revised Code Chapter 4112 [gender discrimination] and intentional infliction of emotional distress. These state pendent [sic] claims will be dismissed without prejudice after disposition of the federal claim pursuant to 28 U.S.C. [Section] 1367. They will not be discussed at this time."
 {¶ 9} Thereafter, appellant filed a complaint in the Lake County Court of Common Pleas, alleging gender discrimination pursuant to R.C. Chapter 4112. Appellant alleged gender discrimination based upon appellee's failure to reclassify her position as full-time, like similarly-situated male employees, or to compensate her in accord with the pay rates established for similarly-situated part-time male employees. Appellee answered.
 {¶ 10} Appellee moved for summary judgment on July 7, 2003. Appellee attached the following materials to its motion: excerpts from appellant's deposition in the related federal matter; the final judgment in that federal matter; a city council ordinance establishing the benefits for full-time employees; an affidavit of the mayor; an excerpt from the deposition of Randy Slusarz; and an affidavit of the president of the city council.
 {¶ 11} Appellant opposed this motion. She attached to her brief the following materials: a memorandum by Councilperson Billie Kamis relating to a wage study of city council clerks in area communities; the relevant ordinance outlining benefits received by full-time employees; documents outlining the hours worked and salary of Mr. Slusarz as compared to appellant; an interoffice memorandum from the chairman of the city's finance committee.
 {¶ 12} Appellee filed a reply brief, putting forth additional documents in support of its motion for summary judgment. These documents included a schedule of pay increases for appellant; the charter for the city; an interoffice memorandum from Susan Biello ("Ms. Biello"), former clerk for the city council; resume of Mr. Burth and his application for employment with the city; a copy of the job description for the clerk of city council; additional excerpts from appellant's deposition in the federal matter; and an affidavit by Mr. Slusarz.
 {¶ 13} The trial court issued a judgment entry, dated December 30, 2003, granting summary judgment to appellee. The trial court concluded that appellee was entitled to both sovereign and absolute immunity. The court also indicated that appellant was not able to establish a prima facie case of gender discrimination because she was not able to point to any similarly-situated males. According to the court, appellant was not similarly-situated to the full-time mayor's assistant, Mr. Slusarz, or to the part-time building inspector, Mr. Burth. The trial court therefore granted summary judgment to appellee.
 {¶ 14} From this judgment, appellant appeals and puts forth the following assignment of error:
 {¶ 15} "[1.] The trial court erred in granting [appellee's] motion for summary judgment."
 {¶ 16} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389;Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
 {¶ 17} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 18} A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the reciprocal burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
 {¶ 19} In appellant's sole assignment of error, she argues that the trial court erred when granting summary judgment to appellee. Specifically, she contends that the trial court erred by concluding that there was no genuine issue of material fact that appellee was entitled to sovereign immunity; that appellee was entitled to absolute immunity; that appellant did not establish a prima facie case of gender discrimination; that appellant did not name any similarly-situated employees; and that no adverse action was taken against her. We will address each of these contentions separately. For the reasons set forth below, appellant's sole assignment of error is without merit.
 {¶ 20} First, we will address appellee's contention that appellant's action is barred by the doctrine of res judicata. Ultimately, we conclude that this matter is not barred by res judicata.
 {¶ 21} The theory of res judicata is used to prevent relitigation of issues already decided by a court or matters that should have been brought as part of a previous action. Lasko v. General Motors Corp., 11th Dist. No. 2002-T-0143, 2003-Ohio-4103, at ¶ 16. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Emphasis added.) Grava v.Parkman Twp., 73 Ohio St.3d 379, 382, 1995-Ohio-331.
 {¶ 22} In the instant matter, appellant filed a complaint in the United States District Court for the Northern District of Ohio, Case Number 1:01CV2176, putting forth a federal claim pursuant to the Civil Rights Act of 1871, Section 1983, Title 42, United States Code. Appellant also alleged state claims for intentional infliction of emotional distress and gender discrimination pursuant to R.C. Chapter 4112. Appellant's federal claim was premised upon her belief that her part-time status and pay rate were a result of the mayor's retaliation because she campaigned for the mayor's opponent in a recent election.
 {¶ 23} As we indicated above, in its final order, the District Court concluded that appellant's part-time status and pay rate were not the result of retaliation on behalf of the mayor. The District Court concluded, "Poppy has not shown any deprivation of her First Amendment Rights." Thereafter, because that court dismissed appellant's federal claim, it also dismissed her state claims, i.e., for gender discrimination, without prejudice, because the court lacked subject matter jurisdiction.
 {¶ 24} The District Court's conclusion that there was no retaliation on behalf of the mayor is not determinative of the instant action, i.e., whether appellant has been discriminated against by appellee. That court did not consider the merits of appellant's gender discrimination claim, and likewise the court's dismissal of the state gender discrimination claim was not on its merits.
 {¶ 25} When a trial court has been deprived of subject matter jurisdiction and thereafter dismisses a claim, the plaintiff may refile the same action because there has not been a dismissal on the merits.Laketran Bd. of Trustees v. Mentor, 11th Dist. No. 2001-L-027, 2002-Ohio-3496 at ¶ 25, citing C.V. Perry Co. v. W. Jefferson
(1996), 110 Ohio App.3d 23, 27. See, also, Ohio Patrolmen'sBenevolent Assn. v. The MetroHealth Sys. (1993), 87 Ohio App.3d 16, 22, (An involuntary dismissal for lack of subject matter jurisdiction is without prejudice.). Because the court's dismissal of appellant's gender discrimination claim was not on the merits, res judicata does not bar the instant matter.
 {¶ 26} We now turn to appellant's arguments. Within her assignment of error, appellant first argues that the trial court erred by concluding that appellee is entitled to sovereign immunity. We agree.
 {¶ 27} R.C. 2744.02(A)(1) provides "[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or any employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 28} However, according to R.C. 2744.09(B), the chapter does not apply to "[c]ivil actions by an employee * * * against his political subdivision relative to any matter that arises out of the employmentrelationship between the employee and the political subdivision[.]" (Emphasis added.) Further, R.C. 2744.09(C) indicates that the chapter also does not apply to "[c]ivil actions by an employee of a political subdivision against the political subdivision relative to wages, hours,conditions, or other terms of his employment[.]" (Emphasis added.)
 {¶ 29} It follows that R.C. 2744.09(B) and 2744.09(C) make R.C. Chapter 2744 inapplicable to civil actions pertaining to terms of employment brought by employees of political subdivisions against their employers. See, e.g., Marcum v. Rice (July 20, 1999), 10th Dist. Nos. 98AP-717, 98AP-718, 98AP-719, and 98AP-721, 1999 Ohio App. LEXIS 3365, at 20-21. In this matter, appellant alleges that appellee discriminated against her by failing to reclassify her position to full-time and by failing to increase her pay rate, and thus failing to change the terms of her employment. This is precisely the situation in which the Ohio Legislature intended that sovereign immunity be inapplicable. R.C.2744.09(B); R.C. 2744.09(C). As such, appellee is not entitled to sovereign immunity in this matter, and the trial court erred by concluding so.
 {¶ 30} Appellant next argues that the trial court erred by concluding that appellee is entitled to absolute immunity. We agree.
 {¶ 31} In Tenney v. Brandhove (1951), 341 U.S. 367, the United States Supreme Court held that state legislators are absolutely immune from suitunder Section 1983, Title 42, United States Code, for actions undertaken "in the sphere of legitimate legislative activity." Id. at 376. InHaskell v. Washington Twp. (C.A.6, 1988), 864 F.2d 1266, the Sixth Circuit Court of Appeals extended this logic, holding that local legislators are entitled to absolute immunity for actions taken pursuant to Section 1983, Title 42, United States Code, as long as they are acting in their legislative capacity.
 {¶ 32} At this point, we note that the instant matter involves a state claim of gender discrimination, pursuant to R.C. Chapter 4112, making it unlawful for an employer to discriminate against any person because of her gender with respect to hire, tenure, terms, conditions, or privileges of employment. Appellant's claim was not brought under Section 1983, Title 42, United States Code. Although her claim was similar, her claim was a state action for gender discrimination. Accordingly, absolute immunity is inapplicable in this matter.
 {¶ 33} Further, the actions taken by appellee, in failing to pass an ordinance reclassifying appellant's position to full-time and by failing to increase her pay rate, were not legislative actions but, instead, administrative in nature. If the underlying purpose of an ordinance is to establish general policy, it is legislative. Hogan v. South Lebanon
(1991), 73 Ohio App.3d 230, 234, citing Kuzinich v. Cty. of SantaClara (C.A. 9, 1982), 689, F.2d 1345, 1349. "If, however, `the action "single[s] out specific individuals and affects them differently from others," it is administrative.'" Hogan at 235, quoting Cutting v. Muzzey
(C.A.1, 1986), 724 F.2d 259, 261. Appellee passed an ordinance creating appellant's position, and only by another ordinance could it reclassify her position as full-time or increase her pay rate. Such an ordinance would affect appellant individually, rather than establishing general policy. It follows that appellee's action, in failing to pass an ordinance reclassifying appellant's position as full-time or increasing her pay rate, was administrative. See Hogan at 235. Therefore, appellee is also not entitled to absolute immunity for this reason.
 {¶ 34} We now turn to appellant's argument that the trial court erred in concluding that she could not establish a prima facie case of gender discrimination. Ultimately, this argument is without merit.
 {¶ 35} R.C. Chapter 4112 makes it unlawful for an employer to discriminate against any person because of her gender with respect to hire, tenure, terms, conditions, or privileges of employment. Ohio courts rely upon federal case law construing Title VII to resolve gender discrimination claims brought under this chapter. Plumbers Steamfitters Joint Apprenticeship Commt. v. Ohio Civil Rights Comm.
(1981), 66 Ohio St.2d 192.
 {¶ 36} In a case alleging employment discrimination, the plaintiff bears the initial burden of either presenting direct evidence of discrimination, or of establishing a prima facie case of discrimination indirectly by following the standard set forth in McDonnell DouglasCorp. v. Green (1973), 411 U.S. 792, and Byrnes v. LCI CommunicationHoldings Co. (1996), 77 Ohio St.3d 125, 1996 Ohio 307. In order to establish a prima facie case, the plaintiff must demonstrate that: (1) she is a member of a protected class; (2) that she suffered an adverse employment action; (3) that she was qualified for the position; and (4) either that she was replaced by someone outside the protected class or that a comparable [similarly-situated], non-protected person was treated more favorably. McDonnell Douglas at 802. See, also, Samadder v. DMF ofOhio, Inc., 154 Ohio App.3d 770, 2003-Ohio-5340, at ¶ 35; Ferguson v.Lear Corp., 155 Ohio App.3d 677, 2003-Ohio-7261, at ¶ 17, citingBrewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 385;Plumbers Steamfitters Joint Apprenticeship Commt. at 197.
 {¶ 37} Once the plaintiff establishes a prima facie case, the burden shifts to the employer to set forth a non-discriminatory reason for the differential treatment. McDonnell at 802. If the employer does so, the burden shifts back to the plaintiff to demonstrate, by a preponderance of the evidence, that the legitimate, nondiscriminatory reason was merely a pretext for discrimination. Samadder at ¶ 35.
 {¶ 38} The parties do not dispute that, by virtue of her gender, appellant was a member of a protected class. See, e.g., Gragg v. SomersetTech. College (C.A.6, 2004), 373 F.3d 763, 768.
 {¶ 39} At issue in this matter is the fourth prong of the McDonnellDouglas test, i.e., whether appellant has established that a similarly-situated male was treated more favorably. In Mitchell v. ToledoHospital (1992), 964 F.2d 577, 581, the Sixth Circuit Court of Appeals delineated a series of affinities ordinarily essential to a showing that employees were "similarly-situated" to one another: "the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct of their employer's treatment of them for it." (Citations omitted.) Id. at 583.
 {¶ 40} The parties agree that appellant occupied a unique position, in that she was the only clerk for the city council and no other person with a similar function reported to the same supervisor. "`A prima facie standard that requires the plaintiff to demonstrate that he or she was similarly-situated in every aspect to an employee outside the protected class receiving more favorable treatment removes from the protective reach of the anti-discrimination laws employees occupying `unique' positions * * *. If the non-protected employee to whom the plaintiff compares himself or herself must be identically situated to the plaintiff in every single aspect of their employment, a plaintiff whose job responsibilities are unique to his or her position will never
successfully establish a prima facie case.'" (Emphasis sic.) Kroh v.Continental General Tire, Inc., 92 Ohio St.3d 30, 32, 2001-Ohio-59, quoting Ercegovich v. Goodyear Tire Rubber Co. (C.A.6, 1998),154 F.3d 344, 353. See, also, Mitchell at 581.
 {¶ 41} In light of this, appellant must only "demonstrate that he or she is similarlysituated to the non-protected employee in all relevant
aspects." (Emphasis sic.) Ercegovich at 353. In practical terms, two employees are not similarly-situated in all relevant respects if there is a meaningful distinction between them which explains their employer's differential treatment of them. See Ercegovich.
 {¶ 42} Turning to the instant matter, appellant is not able to satisfy the fourth prong of the test set forth in McDonnell Douglas, that she was treated differently from similarly-situated males. She contends that she was similarly-situated to both Mr. Burth, the city's part-time building inspector, and Mr. Slusarz, the mayor's full-time personal assistant. We disagree.
 {¶ 43} Appellant has not established that she was similarly-situated to Mr. Burth. Appellee put forth evidence demonstrating Mr. Burth's qualifications as city building inspector justified his increased pay rate. Mr. Burth he had two years of college education at Western Reserve University and was a licensed electrical contractor, a licensed general contractor, a licensed state fire marshall, a registered building appraiser, and a trustee for the Northern Ohio Electrical Association. Such licensures and special skills were necessary for his job performance. To the contrary, appellant was a high school graduate with no college coursework, and her position required no special licensures or skills. Documents produced by appellee demonstrate that appellant's position was purely clerical. Appellant has not put forth any evidence establishing a genuine issue of material fact as to whether she and Mr. Burth were similarly-situated in all relevant aspects. See Ercegovich at 353. Mr. Burth's education, licensures, and special skills justify his increased pay rate when compared with appellant's pay rate.
 {¶ 44} Appellant has also not established that she was similarly-situated to Mr. Slusarz, the mayor's full-time personal assistant. Appellee provided an affidavit by the mayor indicating that he believed that Mr. Slusarz's full-time status was necessary due to his duties and responsibilities. The mayor also indicated that he believed that Mr. Slusarz's responsibilities were significantly different than those of appellant.
 {¶ 45} Again, documents produced by appellee indicate that appellant's position was clerical. Appellee also put forth an affidavit by the mayor and Mr. Slusarz's deposition, which demonstrate that Mr. Slusarz was responsible for helping to ensure the proper function of the city's departments, dealing with human resource issues, handling the city's health and commercial insurance, and assisting the mayor in various responsibilities.
 {¶ 46} Appellee also put forth a letter from Ms. Biello, who served as clerk to the city council just prior to appellant, indicating that she believed there was a need for a full-time administrative assistant to the mayor, due to the city's many new federal, state, and local projects. She also stated that a full-time administrative assistant could support administrative departments as well as the mayor. The letter was dated 1995, prior to the initiation of any litigation on behalf of appellant.
 {¶ 47} Appellee has demonstrated that the job duties of Mr. Slusarz and appellant were not similar and that there was a logical explanation for why Mr. Slusarz worked full-time, with benefits, while appellant was a part-time employee.
 {¶ 48} It follows that appellee has satisfied its burden to put forth evidence that Mr. Slusarz and appellant were not similarly-situated. Appellant, however, has not satisfied her reciprocal burden to affirmatively establish a genuine issue of material fact. She has put forth no evidence demonstrating that her job duties and those of Mr. Slusarz are similar in the relevant aspects. See Ercegovich at 353.
 {¶ 49} In summary, appellant has not demonstrated that she is similarly-situated to either Mr. Burth or Mr. Slusarz. She cannot satisfy the fourth prong of the test put forth in McDonnell Douglas to establish a prima facie claim for gender discrimination pursuant to R.C. Chapter 4112. As such, we need not consider whether she established the remaining two prongs of the applicable test, i.e., that she was qualified for the position and that there was an adverse employment action.
 {¶ 50} To conclude, we first note that appellant's claim is not barred by res judicata, as argued by appellee. Although the trial court erred when concluding that appellee is entitled to sovereign and absolute immunity in this matter, the trial court correctly granted summary judgment to appellee. There exists no genuine issue of material fact that appellant cannot establish a prima facie claim for gender discrimination pursuant to R.C. Chapter 4112. Appellant's sole assignment of error is without merit, and we hereby affirm the judgment of the trial court.
Ford, P.J., Rice, J., concur.