[Cite as *Appenzeller v. Dept. of Rehab. & Corr.*, 2018-Ohio-1038.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Russell E. Appenzeller, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-747 |
| | | (Ct. of Cl. No. 2016-00444) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |
| | : | |

_____

D E C I S I O N

Rendered on March 20, 2018

_____

**On brief:** *Russell E. Appenzeller*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Emily Simmons Tapocsi*, for appellee.

_____

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Russell E. Appenzeller, appeals pro se from a judgment of the Court of Claims of Ohio denying his motion for relief from an order of the court granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} On June 1, 2016, Appenzeller, who is in the custody of ODRC, filed a pro se complaint in the Court of Claims claiming he was falsely imprisoned beyond the expiration date of his prison sentence, which he alleged to be December 1, 2006. ODRC moved for summary judgment in its favor on the complaint, asserting that Appenzeller was incarcerated pursuant to valid sentencing orders from Mahoning County and Lake County

Courts of Common Pleas. The motion for summary judgment was supported by an affidavit from Vicki Wallace, a correction records sentence computation auditor for ODRC ("the Wallace Affidavit"). In the affidavit, Wallace stated that Appenzeller had been incarcerated, pursuant to convictions in the Mahoning County Court of Common Pleas, and that the prison sentence for those convictions expired on December 1, 2006. Wallace further averred that Appenzeller was also incarcerated, pursuant to convictions in the Lake County Court of Common Pleas, and that the expiration date for the prison sentence imposed on those convictions was October 24, 2034. The Wallace Affidavit included various attachments, including two sentencing entries from the Lake County Court of Common Pleas.[1] Appenzeller filed a memorandum in opposition to ODRC's motion for summary judgment, asserting there were genuine issues of material fact and that ODRC was not entitled to judgment as a matter of law. The Court of Claims granted ODRC's motion for summary judgment, concluding that ODRC was legally justified to confine Appenzeller and that he did not present any evidence to establish the sentencing orders attached to the Wallace Affidavit were invalid.

{¶ 3}   Appenzeller then filed a motion for relief from judgment, pursuant to Civ.R. 60(B), asserting the sentencing entries from the Lake County Court of Common Pleas attached to the Wallace Affidavit were fabricated. ODRC did not file a response to Appenzeller's motion for relief from judgment. The Court of Claims denied Appenzeller's motion for relief from judgment, concluding he failed to establish a justifiable ground for relief from the summary judgment decision pursuant to Civ.R. 60(B).

## II. Assignment of Error

{¶ 4}   Appenzeller appeals and assigns the following sole assignment of error for our review:

> The Court of Claims "Entry," denying [appellant] relief, pursuant to Civil Rule 60(B), is an abuse of the Court's sound discretion because it connotes an unreasonable, arbitrary or unconscionable attitude towards Lake County court practice rule 1.05(A)(5) and the contrary case numbers the [appellee] presented, as evidence, in making its case.

---

[1] The second sentencing entry from the Lake County Court of Common Pleas attached to the Wallace Affidavit was entered pursuant to a remand order from the Eleventh District Court of Appeals in *State v. Appenzeller*, 11th Dist. No. 2006-L-258, 2008-Ohio-7005, directing the common pleas court to merge certain counts and resentence Appenzeller.

## III. Discussion

{¶ 5} Appenzeller asserts the Court of Claims abused its discretion by denying his motion for relief from judgment under Civ.R. 60(B). A party seeking relief from judgment under Civ.R. 60(B) must demonstrate that (1) he has a meritorious defense or claim to present if relief from judgment is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Civ.R. 60(B) provides that relief may be granted on the grounds of "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." We review a decision denying a motion for relief from judgment under Civ.R. 60(B) for abuse of discretion. *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-169, 2016-Ohio-8345, ¶ 35. An abuse of discretion occurs where a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 6} The Court of Claims denied Appenzeller's motion for relief from judgment based on its conclusion that he failed to establish he was entitled to relief under one of the grounds provided in Civ.R. 60(B)(1) through (5). In his motion for relief from judgment and his brief on appeal, Appenzeller argues he was entitled for relief from the summary judgment order based on grounds set forth in Civ.R. 60(B)(1), i.e., mistake, inadvertence, surprise, or excusable neglect, and Civ.R. 60(B)(3), i.e., fraud, misrepresentation, or other misconduct of an adverse party. Appenzeller claims he was not subject to prosecution in the Lake County Court of Common Pleas in 2006 and that the judgment entries attached to the Wallace Affidavit were falsified. In support of his argument, Appenzeller cites Loc.R. 1.05(A)(5) of the Court of Common Pleas of Lake County, General Division, which provides that "[a] case number shall consist of ten characters, without spaces, as follows: two-digit year of filing, followed by the two-letter case category, followed by the six-digit sequential

case number (*e.g.* 12CV003456)." Appenzeller asserts that the two Lake County Court of Common Pleas sentencing entries attached to the Wallace Affidavit are fraudulent because the case number on each sentencing entry contains hyphens, i.e. "06-CR-000108." Although the language Appenzeller cites from the Lake County local rules expressly states that spaces shall not be used in case numbers, the rule neither provides for nor prohibits the use of hyphens in case numbers. Thus, the presence of hyphens in the case numbers on the two Lake County sentencing entries attached to the Wallace Affidavit does not, of itself, establish that the documents are inauthentic. Appenzeller offers no other arguments or evidence to support his claim these documents were fraudulent. Under these circumstances, we cannot conclude the trial court abused its discretion by concluding that he failed to establish that he was entitled to relief from judgment under Civ.R. 60(B)(1) or (3).

{¶ 7}   Accordingly, we overrule Appenzeller's assignment of error.

## IV.  Conclusion

{¶ 8}   For the foregoing reasons, we overrule Appenzeller's sole assignment of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

———————————