[Cite as *Appenzeller v. Dept. of Rehab. & Corr.*, 2018-Ohio-1698.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Russell E. Appenzeller, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-747 |
| | | (Ct. of Cl. No. 2016-00444) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on May 1, 2018

**On brief:** *Russell E. Appenzeller*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Emily Simmons Tapocsi*, for appellee.

ON APPLICATION FOR RECONSIDERATION

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Russell E. Appenzeller, has filed a pro se application, pursuant to App.R. 26(A)(1), for reconsideration of this court's decision in *Appenzeller v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-747, 2018-Ohio-1038. For the reasons that follow, we grant Appenzeller's application for reconsideration and affirm the judgment of the Court of Claims of Ohio.

{¶ 2} Appenzeller filed a pro se complaint in the Court of Claims asserting he was falsely imprisoned beyond the expiration date of his prison sentence. *Appenzeller* at ¶ 2. Defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), moved for summary judgment in its favor, asserting Appenzeller was incarcerated pursuant to valid sentencing orders from the Mahoning County and Lake County Courts of Common

Pleas, and supporting its motion with an affidavit from Vicki Wallace, a correction records sentence computation auditor for ODRC ("the Wallace Affidavit"). *Id.* The Court of Claims granted ODRC's motion for summary judgment, concluding ODRC was legally justified to confine Appenzeller and that he did not present any evidence to establish the sentencing orders attached to the Wallace Affidavit were invalid. *Id.*

{¶ 3} Appenzeller did not file a direct appeal from the order granting ODRC's motion for summary judgment, but filed a motion for relief from judgment, pursuant to Civ.R. 60(B), asserting the sentencing entries from the Lake County Court of Common Pleas attached to the Wallace Affidavit were fabricated. *Id.* at ¶ 3. The Court of Claims denied Appenzeller's motion, concluding he failed to establish a justifiable ground for relief from summary judgment pursuant to Civ.R. 60(B). *Id.* Appenzeller appealed to this court, asserting the Court of Claims abused its discretion by denying the motion for relief from judgment because the case numbers on the documents from the Lake County Court of Common Pleas attached to the Wallace Affidavit did not comply with the local rules of that court. *Id.* at ¶ 4. We overruled Appenzeller's assignment of error and affirmed the judgment of the Court of Claims finding the presence of hyphens in the case numbers on two of the Lake County sentencing entries attached to the Wallace Affidavit did not, of itself, establish those documents were inauthentic. *Id.* at ¶ 6. Because Appenzeller offered no other arguments or evidence to support his claim that the documents were fraudulent, we could not conclude the Court of Claims abused its discretion by finding Appenzeller failed to establish he was entitled to relief from judgment under Civ.R. 60(B). *Id.*

{¶ 4} The test applied to an application for reconsideration is whether the motion calls to the attention of the court an obvious error in our prior determination or raises an issue that was not properly considered by the court in the first instance. *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1981). This rule providing an opportunity to apply for reconsideration is not intended for instances in which a party simply disagrees with the reasoning and conclusions of the appellate court. *Drs. Kristal & Forche, D.D.S., Inc. v. Erkis*, 10th Dist. No. 09AP-06, 2009-Ohio-6478, ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). Reconsideration will be denied where the moving party simply seeks to "rehash the arguments [the party] made in its appellate brief." *Garfield Hts. City School Dist. v. State Bd. of Edn.*, 85 Ohio App.3d 117, 127 (10th Dist.1992).

{¶ 5} In his application for reconsideration, Appenzeller asserts this court failed to consider his argument that the references to the Lake County prosecution demonstrated fraud because they did not contain ten characters, including a six-digit sequential number following the two letter case category abbreviation, as required by the Lake County Local Rules of Court. Appenzeller claims this court misconstrued his argument by finding that the presence of hyphens in the case numbers on the relevant documents did not establish they were fraudulent. He asserts that his argument on appeal focused on the characters or digits in the case numbers, not the absence or presence of hyphens. Because Appenzeller has raised an issue not considered by this court in the first instance, we grant his application to reconsider this argument.

{¶ 6} Appenzeller claims he was not subject to prosecution in the Lake County Court of Common Pleas in 2006 and that the judgment entries attached to the Wallace Affidavit and references to that case in the Wallace Affidavit and ODRC's motion for summary judgment were evidence of fraud. In support of this argument, he cites Loc.R. 1.05(A)(5) of the Court of Common Pleas of Lake County, General Division, which provides that "[a] case number shall consist of ten characters, without spaces, as follows: two-digit year of filing, followed by the two-letter case category, followed by the six-digit sequential number (e.g. 12CV003456)." Two documents from the Lake County Court of Common Pleas were attached to the Wallace Affidavit, each containing the case No. "06-CR-000108." Further, in the affidavit, Wallace referred to the Lake County prosecution as "06CR108" and as "06-CR-000108." In its motion for summary judgment, ODRC referred to the case No. in the Lake County prosecution as "06CR108" and as "06-CR-00108." Appenzeller appears to argue the motion for summary judgment and the Wallace Affidavit refer to three different case numbers that do not conform to the requirements of the local rules of court and, therefore, are evidence of fraud.

{¶ 7} The local rule cited by Appenzeller governs the assignment of case numbers and requires that each case number include a "six-digit sequential number" at the end. The sentencing entries attached to the Wallace Affidavit indicate that the six-digit sequential number assigned to Appenzeller's 2006 prosecution was "000108." Thus, as we found in our prior decision, the case numbers on those sentencing entries appear to comply with the numbering convention contained in the local rules. *Appenzeller* at ¶ 6. Appenzeller's only

remaining argument is that Wallace's reference to the case as "06CR108" and ODRC's reference to the case as "06-CR-00108" demonstrate fraud. However, it is clear that Wallace's reference to the case as "06CR108" simply involves a truncation of the six-digit number by removing the leading zeroes. Likewise, ODRC's reference to the case as "06-CR-00108" involves either a truncation by removing the first leading zero of the six-digit number or, more likely, a typographical error. Referring to the case by using a shortened number that omits leading zeroes does not, of itself, establish fraud. Moreover, as noted, the underlying sentencing entries attached to the Wallace Affidavit comport to the local rule and contain the full ten-digit case number, including the final six-digit sequential number. As stated in our prior decision, Appenzeller offers no other arguments or evidence to support his claim of fraud. *Id.* Under these circumstances, we cannot conclude the trial court abused its discretion by concluding Appenzeller failed to establish that he was entitled to relief from judgment under Civ.R. 60(B)(1) or (3).

{¶ 8} Accordingly, we overrule Appenzeller's assignment of error.

{¶ 9} Appenzeller's application for reconsideration is granted. Upon reconsideration, Appenzeller's sole assignment of error is overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Application for reconsideration granted;*
*judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

––––––––––––