OPINION
{¶ 1} Plaintiffs-ppellants Bruce and Jennie Bae ("appellants"), have filed a motion for reconsideration pursuant to App.R. 26, requesting that this court reconsider its opinion rendered on February 3, 2004. Bae v. Dragoo and Assoc., Inc., Franklin App. No. 03AP-254, 2004-Ohio-544. In that opinion, we affirmed the trial court's decision granting defendants-appellees', Dragoo and Associates, et al. ("Dragoo"), motion for summary judgment. Appellants also filed on Feb. 12 a motion to certify an alleged conflict to the Supreme Court of Ohio. Appellants assert our decision is in direct conflict withBennett v. Stanley (2001), 92 Ohio St.3d 35.
 {¶ 2} The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. State v. Rowe (1993),92 Ohio App.3d 652, 677. An application for reconsideration may not be filed just because a party disagrees with the logic or conclusions of the appellate court. Juhasz v. Costanzo (Feb. 7, 2002), Mahoning App. No. 99-CA-294.
 {¶ 3} In their motion, appellants first argue that a child under the age of seven cannot be contributorily negligent and cannot appreciate open and obvious dangers. Appellants state "it is `obvious' that the Court of Appeals affirmed the lower court because the Court of Appeals has held in this case that the danger of drowning is open and obvious to a six year old child in a swimming pool that is approximately 3 — 3½ feet deep." (Motion for Reconsideration, at 3.) This statement is patently erroneous and misconstrues the opinion of this court. We specifically stated, at paragraph 15 of our opinion, "[w]e decline to determine whether a swimming pool is an open and obvious danger to a child under seven years of age. For purposes of this opinion only, we will assume that a duty of ordinary care was owed to decedent as an invitee." (Footnote omitted.) While it is true that other courts, including the Tenth Appellate District, have implied that swimming pools may be open and obvious even to minors, we specifically declined to address that issue. Notwithstanding appellants' argument, our opinion was based on our conclusion the trial court correctly found that Dragoo was not negligent because it met its duty to decedent. That duty was for Dragoo to exercise that degree of ordinary care to a child that a reasonable person would exercise under the same or similar circumstances.
 {¶ 4} Appellants argue at great length that our opinion is "at odds" with Bennett, supra. We disagree. As stated in our opinion, the issue in Bennett was whether Ohio should adopt the attractive nuisance doctrine in order to protect child trespassers. The court held that it should adopt the doctrine and hold landowners to a duty of ordinary care when a child trespasser is involved and the landowner maintained an "attractive nuisance" on his or her property. Id. at 40-43.[1] Before that case, landowners were liable to trespassers, even children of tender years, only for willful or wanton conduct.
 {¶ 5} While appellants quote the language in Bennett as used in our opinion and maintain that a child of tender years cannot reason or arrive at judgments, the Bennett court also held that even when a landowner has an attractive nuisance on his or her land, the landowner must act with no more than ordinary care. We do not believe Bennett imposes a heightened duty beyond ordinary care that a reasonable person would exercise under the same or similar circumstances whenever a child of tender years is injured or dies in a swimming pool accident.
 {¶ 6} In this case, we found Dragoo owed decedent a duty of ordinary care as a child invitee to make the pool reasonably safe. Dragoo satisfied its duty and, therefore, is not liable for the tragic death that occurred on its premises. Appellants argue our opinion indicates that it is necessary for a plaintiff to establish a per se statutory violation in order to find liability. Although we discuss at length the Ohio Administrative Code regulations for pools, we did not say nor did we mean to imply that it is always necessary to establish a statutory violation in order to prove landlord liability.
 {¶ 7} However, appellants did not present evidence to show that Dragoo fell below the standard of ordinary care. For example, appellants did not demonstrate that Dragoo failed to maintain normal customs or practices that other apartment pools in the area maintain.[2] Abram Tracy, Inc. v. Smith
(1993), 88 Ohio App.3d 253 (common law duty of care is that which a reasonable person would exercise under similar circumstances; evidence of industry custom does not conclusively establish the legal standard of care, but may be considered by a court as evidence to determine whether defendant exercised ordinary care under the circumstances). Appellants' expert, who explained numerous ways to make the pool the safest possible, does not suggest that other apartment pools in the area did these things nor was there evidence that Dragoo's pool fell below current code requirements. Simply stated, there was ample evidence demonstrating that Dragoo's pool was maintained in a reasonably safe condition.
 {¶ 8} We appreciate appellants' frustration with the outcome of this case and empathize with them. However, Dragoo is simply not responsible for this tragic incident. Accordingly, appellants' motion for reconsideration is denied.
 {¶ 9} With respect to appellants' motion to certify, appellants state "for the purpose of this motion [to certify], plaintiff is going to `assume' that this Honorable Court affirmed the lower court because it believes that a child six years of age can be aware of an `open and obvious hazard or danger.'" (Motion to Certify, at 1.) Appellants contend our decision is in direct conflict with Bennett, supra.
 {¶ 10} In Whitelock v. Gilbane Bldg. Co. (1993),66 Ohio St.3d 594, paragraph one of the syllabus, the Supreme Court of Ohio held, "[p]ursuant to Section 3(B)(4), Article IV of the Ohio Constitution and S.Ct.Prac.R. III, there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper." An application to certify a conflict only applies to a conflict between judgments in appellate districts. If appellants think this court's decision is in conflict with or contrary to Bennett, their remedy is to appeal.
 {¶ 11} As stated previously, we did not find that Dragoo's swimming pool was open and obvious to children of tender years. Further, this court's decision in Mullens v. Binsky (1998),130 Ohio App.3d 64, implying that a swimming pool is open and obvious to minors involved an 18 year old, not a child under the age of seven. Accordingly, because appellants have failed to cite a judgment from another appellate district in conflict with our judgment herein, the motion to certify a conflict is without merit, and is denied.
Motion for Reconsideration denied;
Motion to Certify denied.
Bowman and Brown, JJ., concur.
[1] Importantly, a plaintiff must still establish certain factors in order for the attractive nuisance doctrine to apply.
[2] We note at this point that other apartment pools would necessarily involve children of tender years as in this case.