[Cite as *State v. Harris*, 2014-Ohio-672.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                              :

     Plaintiff-Appellee,                          :

v.                                                                :             No. 13AP-1014
                                                                                (C.P.C. No. 12CR-5495)
Quincey B. Harris,                                     :

     Defendant-Appellant.                     :             (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on February 25, 2014

---

*Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor,* for appellee.

*Siewert & Gjostein Co., L.P.A.,* and *Thomas A. Gjostein,* for appellant.

---

ON MOTIONS

CONNOR, J.

{¶ 1} Defendant-appellant, Quincey B. Harris ("appellant"), has filed motions requesting: (1) leave to appeal from the judgment of the Franklin County Court of Common Pleas pursuant to App.R. 5(A), and (2) leave to file a motion for reconsideration and, if reconsideration is granted, an extension of time to file his initial appellant's brief. Plaintiff-appellee, State of Ohio, has filed a memorandum opposing the motion for leave to seek delayed reconsideration, but has not filed a memorandum opposing the motion for leave to appeal. As the proceedings underlying these motions present a somewhat convoluted history, we will address these proceedings in some detail.

{¶ 2} On September 9, 2013, appellant, while represented by counsel, entered guilty pleas to one count of murder with a specification and one count of felonious assault. The trial court sentenced defendant to a total prison term of 18-years-to-life. The court journalized its judgment entry imposing sentence on September 10, 2013.

{¶ 3} On October 30, 2013, defendant filed a pro se notice of appeal in the Franklin County Court of Common Pleas, indicating that he was appealing the judgment entry of conviction entered by the trial court on September 9, 2013. Defendant also filed a pro se request for the transcript of proceedings. The pro se appeal was docketed as case No. 13AP-921.

{¶ 4} Defendant also filed a pro se motion requesting that the trial court appoint counsel to represent defendant in the appeal proceedings, as defendant is indigent. On November 5, 2013, the trial court appointed Attorney L. Leah Reibel to represent defendant for purposes of appeal. Then, without explanation, the trial court appointed Attorney Thomas Gjostein to represent defendant for purposes of appeal on November 6, 2013. Neither attorney entered an appearance on behalf of appellant in case No. 13AP-921.

{¶ 5} On December 3, 2013, Attorney Gjostein filed a notice of appeal from the trial court's September 10, 2013 judgment entry, and a motion for leave to file a delayed appeal pursuant to App.R. 5. The appeal filed by Attorney Gjostein was docketed as case No. 13AP-1014.

{¶ 6} On December 4, 2013, in case No. 13AP-921, Attorney Reibel filed a motion to withdraw as the attorney for appellant, noting that new counsel had been appointed to represent appellant. Although Attorney Reibel had never entered an appearance in that action, this court granted her motion to withdraw as counsel on December 5, 2013.

{¶ 7} On January 7, 2014, this court sua sponte dismissed the appeal pending under case No. 13AP-921. The sole basis for the dismissal was that defendant failed to file his brief within the time required by App.R. 18(C). On February 6, 2014, appellant, through Attorney Gjostein, filed the motion seeking leave to file a motion for reconsideration in case No. 13AP-921.

A.    *Case No. 13AP-921*

{¶ 8} Initially, we will address the motion for leave to seek delayed reconsideration. " 'App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.' " *Corporex Develop. & Constr. Mgt., Inc. v. Shook, Inc.*, 10th Dist. No. 03AP-269, 2004-Ohio-2715, ¶ 2, quoting *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). When presented with an application for reconsideration filed pursuant to App.R. 26, an appellate court must determine whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68 (10th Dist.1987), syllabus. Importantly, an appellate court will not grant "[a]n application for reconsideration * * * just because a party disagrees with the logic or conclusions of the appellate court." *Bae v. Dragoo & Assoc., Inc.*, 10th Dist. No. 03AP-254, 2004-Ohio-1297, ¶ 2.

{¶ 9} An application for reconsideration "shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)." App.R. 26(A)(1)(a). As noted above, this court sua sponte dismissed the appeal pending under 13AP-921 on January 7, 2014. Defendant filed the motion seeking leave to file the motion for reconsideration on February 6, 2014, well after the ten-day time limit had expired.

{¶ 10} App.R. 14(B), however, provides that "[f]or good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time." The rule provides that "[e]nlargement of time to file an application for reconsideration * * * pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances." *Id. See also State v. Boone*, 114 Ohio App.3d 275, 277 (7th Dist.1996) (noting that a motion for reconsideration may be entertained even though it was filed beyond the ten-day time limit "if the motion raises an issue of sufficient importance to warrant entertaining it beyond the ten-day limit"); *State v. Lawson*, 10th Dist. No. 12AP-53, 2013-Ohio-803, ¶ 6 (finding extraordinary

circumstances supported the defendant's motion for leave to file a delayed application for reconsideration where, between our merit decision and the defendant's motion for leave, the Supreme Court of Ohio issued three opinions which "directly appl[ied] to our holding in *Lawson*").

{¶ 11} In support of the motion for leave to file the delayed motion for reconsideration, Attorney Gjostein notes that after he received his appointment as counsel, he reviewed the court records, and "could not locate an appellate case number for the Appellant, but was able to learn that the Appellant had filed pro se a Notice of Appeal and Request for Transcript." (Appellant's Motion for Leave to File Motion for Reconsideration, 2.) Attorney Gjostein asserts that "[t]he existence of Case No. 13AP-921 was unknown" to him, "either through an anomaly in the E-filing system or inadvertence in searching for a misspelling of the name of the Appellant in the records on Case Information On-Line." (Appellant's motion for leave to file, 3.) Attorney Gjostein indicates that he first learned of the appeal pending under case No. 13AP-921 on January 13, 2014, when he received an email from the clerk of court.

{¶ 12} Appellant has failed to demonstrate extraordinary circumstances which would encourage this court to disregard the ten-day time limitation in App.R. 26(A). Notably, Attorney Gjostein indicates that he learned of case No. 13AP-921 on January 13, 2014; only seven days after this court's January 7, 2014 journal entry dismissing the case. Accordingly, Attorney Gjostein could have filed a timely motion for reconsideration. Moreover, our review of appellant's motion for leave to file the motion for reconsideration does not reveal any issues of sufficient importance which would warrant this court in entertaining the untimely motion. Appellant has not identified any error in our entry dismissing case No. 13AP-921 for defendant's failure to timely file his appellant's brief. Rather, the sole basis for appellant's motion seeking leave to file the delayed motion for reconsideration is that Attorney Gjostein failed to discover the existence of case No. 13AP-921 until after he filed the notice of appeal in case No. 13AP-1014.

{¶ 13} Furthermore, although we dismissed case No. 13AP-921 for a violation of App.R. 18(C), we never possessed jurisdiction in that case. App.R. 4(A) provides that "[a] party shall file [a] notice of appeal * * * within thirty days of the * * * entry of the

judgment or order appealed." Accordingly, appellant was obligated to file his notice of appeal by October 10, 2013; 30 days after the trial court journalized the judgment entry imposing sentence. Defendant filed his pro se notice of appeal on October 30, 2013. Failure to comply with App.R. 4(A) is a fatal jurisdictional defect. *In re H.F.,* 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17; *State v. Monroe*, 10th Dist. No. 10AP-839, 2012-Ohio-239, ¶ 8.

{¶ 14} Defendant has failed to demonstrate good cause to overcome the untimely filing of his motion for reconsideration. Accordingly, defendant's motion for leave to file his delayed motion for reconsideration is denied.

B. *13AP-1014*

{¶ 15} App.R. 5(A) allows a defendant to file a motion for leave to file a delayed appeal after the expiration of the 30-day period provided by App.R. 4(A). Such a motion must set forth the reasons for the failure of a defendant to perfect an appeal as of right. The defendant has the burden of "demonstrating a reasonable explanation of the basis for failure to perfect a timely appeal." *State v. Cromlish*, 10th Dist. No. 94APA06-855 (Sept. 1, 1994). "Lack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief." *State v. Reddick*, 72 Ohio St.3d 88, 91 (1995) (affirming denial of application to re-open appeal). The decision to grant or deny a motion for leave to appeal, pursuant to App.R. 5(A), rests within the sound discretion of the court of appeals. *State v. Morris*, 10th Dist. No. 05AP-1139, 2005-Ohio-6479.

{¶ 16} In his pending motion, appellant notes that, although his notice of appeal was not filed with the trial court until October 30, 2013, the certificate of service attached to the pro se notice of appeal indicates that appellant sent the notice of appeal to the Franklin County Prosecutor's Office on October 8, 2013. Had appellant filed the notice of appeal on October 8, 2013, the notice of appeal would have been timely filed. Appellant asserts that "the delay in approving the documents to be mailed by the [Ohio Department of Rehabilitations and Corrections] and the timing of the mailing by the United States Postal Service" were factors which were outside of his control. (Motion for Leave to File Delayed Appeal, 4.) Although defendant's asserted justification for the untimely notice of appeal may be insufficient in isolation, when combined with the other

events in this action, we find defendant has set forth a reasonable justification for his failure to timely file a notice of appeal.

{¶ 17} The instant action is similar to *State v. Alexander*, 10th Dist. No. 05AP-192, 2005-Ohio-5997. There, the appellant plead guilty to certain criminal charges and the trial court filed the judgment entry imposing sentence on January 26, 2005. On January 27, 2005, the "appellant wrote to the trial judge and asked that counsel be appointed for purposes of appeal and post-conviction relief," and the trial court appointed appellate counsel the same day. *Id.* at ¶ 6. The court then appointed a second appellate counsel on February 17, 2005. The appellant filed a pro se notice of appeal on February 28, 2005. The pro se appeal was docketed as case No. 05AP-192. On March 10, 2005, the second appointed appellate counsel filed a notice of appeal. The appeal filed by counsel was docketed as case No. 05AP-245. Counsel subsequently filed a motion for leave to file a delayed appeal, noting that she did not receive her notice of appointment until on or after March 4, 2005.

{¶ 18} We noted that both the February 28, 2005 pro se notice of appeal and the March 10, 2005 notice of appeal failed to comply with the timeliness requirements of App.R. 4(A). Nevertheless, we noted the requirements of App.R. 5, and reviewed the record to conclude that "it [was] clear that appellant wanted to appeal." *Id.* at ¶ 22. The appellant had asked the court to appoint appellate counsel, and the first counsel appointed by the court failed to file a notice of appeal. The court then appointed a second appellate counsel on February 17, 2005, "eight days before the time for filing an appeal as of right was to expire, [and] no appeal as of right was taken within the 30-day time period permitted by App.R. 4(A)." *Id.* at ¶ 23. We determined that, "[a]lthough the procedures set out in App.R. 3, 4, and 5 were not followed in this case, and no motion for leave to appeal was filed at the time the notice of appeal was filed," the appellant had "adequately set forth reasons for the failure to perfect an appeal as of right." *Id.* at ¶ 25. We further noted that the State did not "contest the motion for delayed appeal." *Id.* Accordingly, we granted the motion for leave to appeal.

{¶ 19} The record before this court similarly reveals that, although the procedures set out in App.R. 3, 4, and 5 were, to varying degrees, not followed in these cases, it is nonetheless apparent from the record that defendant wanted to appeal.

Although defendant should have requested that the court appoint appellate counsel shortly after the court journalized its judgment entry imposing sentence, defendant did attempt to preserve his appeal rights and request the appointment of appellate counsel all at the same time. Defendant did not have appointed appellate counsel until after the App.R. 4(A) 30-day time limit had already expired. As noted, defendant also attempted to mail his notice of appeal within the App.R. 4(A) time limit, but failed to account for the time it would take for the documents to process through the mail. Although defendant's failure to account for the mail delay might alone be insufficient to support granting the motion for leave to appeal, we find that defendant's attempt to timely file his notice of appeal in conjunction with the confusion caused by the two appointed appellate counsel, and Attorney Gjostein's failure to discover the existence of case No. 13AP-921 until after he filed the notice of appeal in case No. 13AP-1014, support granting the motion for leave to file the delayed appeal. The State also does not oppose the motion for delayed appeal filed in case No. 13AP-1014. The relatively short time frame between the appeal dead line, defendant's pro se notice of appeal in case No. 13AP-921, and the motion for leave to appeal in case No. 13AP-1014 also support granting the motion for leave to file a delayed appeal.

{¶ 20} Based on the foregoing, we find appellant has set forth a sufficient reason for the failure to file a timely notice of appeal. Accordingly, appellant's motion for leave to appeal is granted.

*Motion for leave to appeal granted; motion for leave to file a motion for reconsideration and motion for extension of time denied.*

SADLER, P.J. and BROWN, J., concur.

_____