[Cite as *Wilkins v. Harrisburg*, 2018-Ohio-759.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Paula J. Wilkins, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-274 |
| | | (C.P.C. No. 12CV14070) |
| The Village of Harrisburg et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 1, 2018

*Paula J. Wilkins*, pro se.

*Peterson, Conners, Swisher & Peer LLP* and *Istvan Gajary*, for all appellees except Larry Taylor.

ON APPLICATION FOR EN BANC CONSIDERATION OR,
IN THE ALTERNATIVE, RECONSIDERATION

TYACK, J.

{¶ 1} Defendants-appellees, the Village of Harrisburg and all the other defendants-appellees (except Larry Taylor), have filed an application for en banc consideration or, in the alternative, for reconsideration of our decision of November 2, 2017, pursuant to App.R. 26(A)(1) and (2). *See Wilkins v. Village of Harrisburg,* 10th Dist. No. 17AP-274, 2017-Ohio-8551.

{¶ 2} Appellees have requested this court to consider this case en banc, pursuant to App.R. 26(A)(2). The purpose of en banc proceedings is to resolve conflicts of law that arise within a district. App.R. 26(A)(2); *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, ¶ 10. These intradistrict conflicts arise when different panels of judges hear the same issue but reach different results. *Id.* at ¶ 15. This "create[s]

confusion for lawyers and litigants and do[es] not promote public confidence in the judiciary." *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 18.

{¶ 3} When presented with an application for reconsideration filed pursuant to App.R. 26, an appellate court must determine whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68 (10th Dist.1987), citing *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1982), paragraph 2 of the syllabus. Reconsideration will be denied where the moving party simply seeks to "rehash the arguments [the party] made in its appellate brief. " *Garfield Hts. City School Dist. v. State Bd. of Edn.*, 85 Ohio App.3d 117, 127 (10th Dist.1992). An appellate court will not grant " '[a]n application for reconsideration * * * just because a party disagrees with the logic or conclusions of the appellate court.' " *State v. Harris*, 10th Dist. No. 13AP-1014, 2014-Ohio-672, ¶ 8, quoting *Bae v. Dragoo & Assoc., Inc.*, 10th Dist. No. 03AP-254, 2004-Ohio-1297, ¶ 2.

{¶ 4} Here, appellees contend that our November 2, 2017 decision conflicts with *Elfers v. Ohio Dept. of Natl. Resources*, 10th Dist. No. 79AP-361 (Dec. 11, 1979) and *Waterman v. Brown*, 10th Dist. No. 76AP-623 (Dec. 16, 1976). Alternatively, appellees claim that our decision is in error because legislative officers are not individually liable for their legislative activities regardless of their motive or intent.

{¶ 5} In *Elfers*, appellants were denied commercial fishing licenses by the Chief of the Division of Wildlife. They brought suit in the Court of Claims of Ohio alleging that the decision to deny them licenses was a violation of the Equal Protection Clauses of the Ohio and United States Constitutions and that the decision was arbitrary and capricious. The chief allegedly denied the licenses by means of an adjudicative order based on a Wildlife regulation that was subsequently determined to be unconstitutionally vague. The Court of Claims dismissed the actions for failure to state a claim, and this court affirmed the dismissals first noting that "many states that have judicially or legislatively abolished the general defense of sovereign immunity recognize that immunity remains for a governmental body when it is acting in a legislative capacity." *Id.* The court then went on to hold that "[t]he actions of the Chief of the Division of Wildlife, and those imputed to the

Department of Natural Resources, are of such 'legislative' nature." *Id.* Thus, denial of the licenses was based on the creation of a regulation, a legislative act, and a subsequent quasi-judicial action based on that regulation by means of an adjudicative order.

{¶ 6} In *Waterman*, a taxpayer brought an action in the common pleas court seeking compensatory and punitive damages for alleged negligence (malpractice) by the Ohio Attorney General and his assistants in representing the state of Ohio in regard to a loan to a nursing home that resulted in a loss to the state of $4 million. The taxpayer alleged that the attorney general failed to opt out of a class action in Oklahoma federal court, thus causing the loss of certain rights to the state of Ohio and ultimately resulting in monetary damages to the state. The trial court dismissed the action, and this court affirmed the dismissal finding that the attorney general and his assistants were immune from liability "when the basis of the claim is negligent failure to perform a discretionary duty." *Id.*

{¶ 7} Neither of these cases are in conflict with our November 2, 2017 decision. In our decision, we noted that appellant Wilkins was asserting "that her third claim was based on a willful, knowing, and malicious violation of her due process and civil rights, and therefore the Harrisburg defendants were acting outside the scope of their legislative authority." *Wilkins* at ¶ 31.

{¶ 8} Additionally, Wilkins has filed a memorandum in opposition in which contends that she has adequately pled sufficient facts to support her claim that appellees violated her due process rights procedurally, and substantively acted willfully, knowingly, and maliciously in failing to provide her the requisite notice and opportunity for a hearing, and that appellees acted outside their legislative authority. In other words, Wilkins has asserted that appellees were not acting in their legislative capacity when they allegedly violated her constitutional rights, and therefore are not entitled to legislative immunity.

{¶ 9} Appellees urge reconsideration based on a number of cases that hold local legislators immune from suit for their legislative activities. We agree with appellees that " 'local legislators are entitled to absolute immunity as long as they are acting in a legislative capacity.' " *Curry v. Village of Blanchester*, 12th Dist. No. CA2009-08-010, 2010-Ohio-3368, ¶ 27, quoting *Hogan v. South Lebanon*, 73 Ohio App.3d 230, 234-35

(12th Dist.1991) citing *Haskell v. Washington Twp.*, 864 F.2d 1266, (C.A.6, 1988). However, "the scope of immunity depends on the nature of the activity involved." *Id.* At the time we issued our decision, we were reviewing an oral motion to dismiss, and we were constrained by our governing standard of review to presume that all factual allegations of the complaint were true and to make all reasonable inferences in favor of Wilkins. *Wilkins* at ¶ 40. On remand, the remaining allegations of the complaint with respect to Wilkins' third claim will stand or fall on the record that is developed before the trial court. The trial court can then examine all of the alleged conduct of appellees and characterize each action as legislative, administrative, or outside the scope of either. *See Haskell* at 1278. The degree of immunity will depend on the results of that determination. *Id.*

{¶ 10} Accordingly, we decline to grant the application for en banc consideration or, in the alternative, for reconsideration.

*Application for en banc consideration or,*
*in the alternative, reconsideration denied.*


SADLER, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

_____