[Cite as *Hal v. Ohio Dept of Edn.*, 2020-Ohio-204.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Martha Hal, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-301 |
| v. | : | (C.P.C. No. 17CV-4132) |
| State of Ohio Department of Education, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on January 23, 2020

*Farlow & Associates, LLC*, and *Beverly J. Farlow,* for appellant.

*Dave Yost*, Attorney General, *Mary L. Hollern,* and *Hannah Stoneburner,* for appellee.

ON APPLICATION FOR RECONSIDERATION

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Martha Hal, filed a timely application for reconsideration, under App.R. 26(A), asking this Court to reconsider its decision entered on December 10, 2019 in *Hal v. State Dept. of Edn.*, 10th Dist. No. 18AP-301, 2019-Ohio-5081. Defendant-appellee, State of Ohio Department of Education ("ODE"), filed a memorandum in opposition. In our decision, we affirmed the decision and entry of the Franklin County Court of Common Pleas affirming the decision and resolution of the State of Ohio Board of Education ("Board") that Hal had engaged in conduct unbecoming to the teaching profession, in violation of R.C. 3319.31(B)(1), and denying appellant's applications for a five-year professional principal license and five-year professional special all grades teaching license. First, we examine our standard of review under App.R. 26:

> " 'App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.' " *Corporex Develop. & Constr. Mgt., Inc. v. Shook, Inc.*, 10th Dist. No. 03AP-269, 2004-Ohio-2715, ¶ 2, quoting *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). When presented with an application for reconsideration filed pursuant to App.R. 26, an appellate court must determine whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), syllabus. Importantly, an appellate court will not grant "[a]n application for reconsideration * * * just because a party disagrees with the logic or conclusions of the appellate court." *Bae v. Dragoo & Assoc., Inc.*, 10th Dist. No. 03AP-254, 2004-Ohio-1297, ¶ 2.

*State v. Harris*, 10th Dist. No. 13AP-1014, 2014-Ohio-672, ¶ 8.

{¶ 2} An application for reconsideration is not intended for cases in which a party simply disagrees with the reasoning and conclusions of the appellate court. *Drs. Kristal & Forche, D.D.S., Inc. v. Erkis*, 10th Dist. No. 09AP-06, 2009-Ohio-6478, ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). An application for reconsideration will be denied where the moving party "simply seeks to 'rehash the arguments' " presented in the initial appeal. *Appenzeller v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 17AP-747, 2018-Ohio-1698, ¶ 4, quoting *Garfield Hts. City School Dist. v. State Bd. of Edn.*, 85 Ohio App.3d 117, 127 (10th Dist.1992). Thus, if an application for reconsideration does not raise an issue that either was not considered at all or was not fully considered, nor demonstrates the court made an obvious error or rendered a decision unsupportable under the law, it should not be disturbed. *Harris* at ¶ 8.

{¶ 3} In her application, Hal argues that this Court did not properly consider mitigating and aggravating factors required for imposing a penalty arising from licensure suspension. Hal argues that what the hearing officer considered and relied on as aggravating—the allegation that Hal did not disclose her misconduct to the Board—was inadequate. Hal points to the fact that she testified to and provided to the Board a list of the students involved in the Freshman Forgiveness Program ("FFP"). (Application for Recons. at 4.) Hal also reargues that the hearing officer only considered a few of the required

mitigating factors. As we previously discussed, the Board is not required to consider any particular factor or even every factor. *Hal* at ¶ 42. The evidence demonstrated that Hal changed the grades of students enrolled in the FFP in a way that did not comply with the program guidelines because she admitted to changing final grades, not just grades for a nine-week period. The hearing officer found Hal's conduct to be "serious." (Report & Recommendation, Conclusions of Law at ¶ 8.) We cannot see that our review of what the hearing officer found contains either obvious error or was unsupportable under the law. Our review of the record did not lead us to any conclusion that the hearing officer should have found that Hal's cooperation with the investigation was mitigation to divert application of a suspension of her license. We find no reason to disturb our previous decision that the hearing officer properly considered the aggravating and mitigating factors.

{¶ 4} Hal again argues that Exhibit 11 was not reliable, probative, or substantial such that it could have been considered as evidence by ODE. We note that this argument is repetitive of what Hal presented in her direct appeal and that we specifically found that "the common pleas court did not err in finding that Exhibit 11 constituted reliable, probative, and substantial evidence." *Hal* at ¶ 15.

{¶ 5} Hal's third argument is that the common pleas court used an incorrect legal standard because it asserted "that only conclusions matter, not the accuracy of the underlying evidence." (Application for Recons. at 11.) Again, she asserts that Exhibit 11 was not reliable, probative, and substantial evidence and that there was no evidence demonstrating its reliability. We specifically addressed this argument in our decision, finding that Hal ignored the testimony of the creator of Exhibit 11 (Ziemba) and that the hearing officer specifically found Hal's testimony "not credible." (Report & Recommendation, Findings of Fact No. 15.) Hal has used her application for reconsideration as a method to reargue the same issue. This is not a viable path to obtain reconsideration.

{¶ 6} Hal further argues that the common pleas court used a standard of review that is based solely on the amount of evidence. We addressed this argument finding it had no merit in paragraph 34 of *Hal* ("The common pleas court examined the evidence and its probative value and did not simply find there was a certain amount of evidence as Hal suggests.").

{¶ 7} Finally, Hal argues that this Court should adopt a narrower interpretation of *Henry's Café, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959). Hal contends that the common pleas court may modify the sanction imposed by a Board when the sanction is an error as a matter of law, because the *Henry's Café* rule is not so broad that the penalty is beyond the scope of review. But we stated in our decision that, under the facts of this case, the Board's action was based on reliable, probative, and substantial evidence and made in accordance with law, finding this to be a sufficient review by the common pleas court and this Court of the sanction. We found no error of law by the Board then and nor do we now, according to the evidence supporting the facts as contained in the record.

{¶ 8} In her application, Hal raises neither an obvious error, *i.e.*, that our decision was unsupportable under the law, nor an issue this Court should have but did not fully consider. Hal's motion posits the same arguments that we fully considered in our merit decision. Accordingly, we deny her application for reconsideration.

*Application for reconsideration denied.*

DORRIAN and LUPER SCHUSTER, JJ., concur.