[Cite as *Wilkins v. Harrisburg*, 2020-Ohio-886.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Paula J. Wilkins, | : | |
| Plaintiff-Appellant, | : | Nos. 18AP-809 |
| | | & |
| v. | : | 19AP-386 |
| | | (C.P.C. No. 12CV-14070) |
| The Village of Harrisburg et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 10, 2020

**On brief:** *Paula J. Wilkins*, pro se. **Argued:** *Paula J. Wilkins.*

**On brief:** *Peterson Conners LLP,* and *Istvan Gajary*, for appellees. **Argued:** *Istvan Gajary.*

APPEALS from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Plaintiff-appellant, Paula J. Wilkins, pro se, appeals from a decision of the Franklin County Court of Common Pleas entering judgment in favor of defendants-appellees, The Village of Harrisburg ("the Village") and the individual council members of the Harrisburg Village Council, and from a judgment entry denying her motion for new trial.  For the following reasons, we affirm.

**I.  Facts and Procedural History**

{¶ 2}  In 2012, Wilkins filed a complaint seeking a writ of mandamus, declaratory judgment, injunctive relief, sanctions, and civil damages related to the Village's rezoning of property owned by Larry Taylor.  Wilkins named the defendants as the Village of Harrisburg, several Village of Harrisburg Council members in their official and individual capacities, the Harrisburg Fiscal Officer in her official and individual capacity, several

former members of the Harrisburg Council in their individual capacity, the Village of Harrisburg Mayor in her individual capacity (together the "Harrisburg defendants"), Taylor, and the Ohio Attorney General. Through her complaint, Wilkins challenged the Village's passage of two ordinances in 2010 related to the rezoning of Taylor's property, including an allegation that the Harrisburg defendants violated her constitutional rights by failing to notify her of the proposed rezoning and depriving her of her hearing rights prior to rezoning.

{¶ 3} The trial court granted the motion to dismiss of the Ohio Attorney General. Subsequently, the Harrisburg defendants and Taylor each filed a motion to dismiss, and the trial court converted those motions into motions for summary judgment. On November 14, 2014, the trial court adopted the magistrate's decision granting the motions for summary judgment in favor of Taylor and the Harrisburg defendants.

{¶ 4} Wilkins appealed the decision of the trial court, and this court affirmed in part and reversed in part. *Wilkins v. Village of Harrisburg*, 10th Dist. No. 14AP-1028, 2015-Ohio-5472 ("*Wilkins I*"). Specifically, this court determined Wilkins had sufficiently established that her property was "adjacent" to Taylor's property such that she may have standing to bring a declaratory judgment action. *Wilkins I* at ¶ 35. Accordingly, we remanded the matter to the trial court "to consider, pursuant to the Civ.R. 12(B)(6) standard, whether [Wilkins] has established standing by sufficiently pleading the elements of injury and causation."[1] *Wilkins I* at ¶ 42.

{¶ 5} On remand to the trial court, the Harrisburg defendants renewed their motion to dismiss on April 4, 2016, and the trial court denied the motion on June 30, 2016. The parties also attempted to resolve the dispute through mediation but were unsuccessful. In their answer to Wilkins' complaint filed July 13, 2016, the Harrisburg defendants raised their immunity as a political subdivision and its employees as affirmative defenses under R.C. Chapter 2744.

{¶ 6} Eventually, the Harrisburg defendants decided to rescind the two ordinances at issue in the case. In response to the decision to rescind the ordinances, Wilkins filed a

---

[1] We affirmed the trial court's dismissal of Wilkins' mandamus action, but we reversed the trial court's dismissal of her declaratory judgment action.

pretrial statement that she was additionally seeking payment of $10,000 for her allegation that the Harrisburg defendants "willfully, knowingly and maliciously violated [her] constitutional rights" and cost her "unnecessary expense." (Feb. 20, 2017 Final Pretrial Statement at 2.) The Harrisburg defendants filed a motion for summary judgment on February 27, 2017 again invoking immunity due to their status as elected officials exercising a legislative act in a rezoning matter. Although the trial court denied their motion for summary judgment on March 1, 2017, the Harrisburg defendants renewed their immunity argument in an oral motion before the trial court at a March 6, 2017 hearing. The trial court agreed with the Harrisburg defendants that political subdivision immunity barred Wilkins' claims and dismissed Wilkins' case, journalizing that dismissal in a March 20, 2017 judgment entry of dismissal.

{¶ 7} Wilkins again appealed to this court. In a November 2, 2017 decision, this court determined that the trial court erred in granting the oral motion to dismiss of the Harrisburg defendants on the issue of political subdivision immunity. *Wilkins v. Village of Harrisburg*, 10th Dist. No. 17AP-274, 2017-Ohio-8551, ¶ 40 ("*Wilkins II*"). This court reasoned that, given the requirements of notice pleading, it could not say that Wilkins could prove no set of circumstances in which appellees' conduct would fall outside political subdivision immunity, thereby entitling Wilkins to relief. The Harrisburg defendants then filed an application for en banc consideration or, in the alternative, reconsideration. *Wilkins v. Village of Harrisburg*, 10th Dist. No. 17AP-274, 2018-Ohio-759 ("*Wilkins III*"). In a March 1, 2018 decision, this court denied the Harrisburg defendants' application for en banc consideration or, alternatively, reconsideration, and clarified its decision in *Wilkins II*, stating:

> On remand, the remaining allegations of the complaint with respect to Wilkins' third claim will stand or fall on the record that is developed before the trial court. The trial court can then examine all of the alleged conduct of appellees and characterize each action as legislative, administrative, or outside the scope of either. * * * The degree of immunity will depend on the results of that determination.

*Wilkins III* at ¶ 9.

{¶ 8} On remand, the trial court conducted a trial on September 17, 2018. Following the trial, in which Wilkins called two witnesses and submitted numerous documents into evidence, the trial court ruled in favor of the Harrisburg defendants. Specifically, the trial court found "there was no evidence submitted that the [Harrisburg defendants'] actions were willful, knowingly and/or malicious toward [Wilkins]. In addition, [Wilkins] submitted no evidence that the actions of the [Harrisburg defendants] in depriving her of a hearing caused her any damage." (Sept. 19, 2018 Decision at 2.) Further, the trial court found "all actions taken by the [Harrisburg defendants] in depriving [Wilkins] of a hearing on the zoning ordinances were done in their legislative function." (Decision at 2.) Thus, because Wilkins failed to prove the actions of the Harrisburg defendants were a willful, knowing, and malicious violation of her constitutional rights, the trial court entered judgment in favor of the Harrisburg defendants. The trial court journalized its findings and decision in a September 19, 2018 findings of fact and conclusions of law and an October 25, 2018 judgment entry.

{¶ 9} Following the trial court's findings of fact and conclusions of law but prior to the trial court's final judgment, Wilkins filed a motion for new trial on October 3, 2018 pursuant to Civ.R. 59. The Harrisburg defendants opposed the motion. In a May 21, 2019 judgment entry, the trial court denied Wilkins' motion for new trial. Specifically, the trial court found the evidence Wilkins relied upon in support of her motion was neither new evidence within the meaning of Civ.R. 59 nor was the substance of the evidence sufficient to disturb the court's prior judgment. Wilkins timely appeals from both the October 25, 2018 judgment entry rendering judgment in favor of the Harrisburg defendants and from the May 21, 2019 judgment entry denying her motion for new trial. This court sua sponte consolidated the matter for purposes of appeal.

## II. Assignments of Error

{¶ 10} Wilkins assigns the following errors for our review:

[1.] To the prejudice of the appellant, the court abused its discretion by having rendered judgment against the plaintiff and in favor of all defendants on plaintiff's remaining claims as decision was based on false and/or misleading testimony of defendant Patsy Frost.

[2.] To the prejudice of the appellant, the court abused its discretion by ruling the actions of the defendants in depriving appellant of a hearing on the zoning ordinances were done in their legislative function.

[3.] To the prejudice of the appellant, the court abused its discretion by failing to hear and/or address the issues raised by appellant that the witness(s) had committed perjury during their testimony.

[4.] To the prejudice of the appellant, the court abused its discretion when it failed to give appropriate weight to the evidence and testimony of the appellant.

[5.] To the prejudice of the appellant, the court abused its discretion when it failed to grant appellant a new trial.

[6.] To the prejudice of the appellant, the court abused its discretion by finding that appellees violated appellant's rights of due process but rendered judgment against appellant and in favor of the appellees and failed to award compensatory and/or punitive damages to appellant.

## III. First, Second, Third, Fourth, and Sixth Assignments of Error – Trial Court's Judgment in Favor of Harrisburg Defendants

{¶ 11} Wilkins' first, second, third, fourth, and sixth assignments of error are interrelated, and we address them jointly. Taken together, these five assignments of error assert the trial court erred when it entered judgment in favor of the Harrisburg defendants following trial. More specifically, Wilkins argues the trial court erred in concluding the actions of the Harrisburg defendants falls within political subdivision immunity, and she challenges the weight the trial court assigned to the evidence in support of that conclusion.

{¶ 12} Through these five assignments of error, Wilkins asserts the trial court's conclusion that the Harrisburg defendants are entitled to immunity as employees of a political subdivision is against the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. In determining whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided

by the presumption that the findings of the trial court are correct. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* Thus, the relative weight to be given witness testimony and the credibility to be afforded each of the witnesses is a question for the trier of fact. *Rahman v. Ohio Dept. of Transp.*, 10th Dist. No. 05AP-439, 2006-Ohio-3013, ¶ 36.

{¶ 13} During the extensive litigation history of this case, the Harrisburg defendants conceded it did not comply with R.C. 713.12 when it failed to notify Wilkins of a public hearing on the two ordinances related to the rezoning of Taylor's property. As a result of this admission, the Village withdrew the zoning legislation during the pendency of the litigation. Despite the Village's withdrawal of the two ordinances, Wilkins argues the trial court erred by finding that the actions of the Harrisburg defendants leading up to the passage of those ordinances were protected by political subdivision immunity.

{¶ 14} R.C. 2744.03(A)(6) sets forth the immunity of employees of political subdivisions and the exceptions thereto.[2] *Stevens v. Maxson*, 10th Dist. No. 12AP-672, 2013-Ohio-5792, ¶ 12. As relevant here, R.C. 2744.03(A)(6)(b) provides immunity for a political subdivision employee who acts within the scope of his or her duties unless "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." The Supreme Court of Ohio recently explained the different degrees of care that the General Assembly requires of a political subdivision or an employee of a political subdivision in order to impose liability. In *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, the Supreme Court clarified that "[t]he terms 'willful,' 'wanton,' and 'reckless' as used in [the political subdivision liability] statutes are not interchangeable." *Id.* at ¶ 40.

{¶ 15} Willful misconduct, as defined by the Supreme Court, "implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to

---

[2] The trial court focused on political subdivision rather than absolute legislative immunity and we will similarly focus our analysis on political subdivision immunity.

discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Id.* at ¶ 32, citing *Tighe v. Diamond*, 149 Ohio St. 520, 527 (1948). Wanton misconduct "is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Id.* at ¶ 33, citing *Hawkins v. Ivy*, 50 Ohio St.2d 114, 117-18 (1977). Lastly, reckless conduct is "the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* at ¶ 34, citing *Thompson v. NcNeill*, 53 Ohio St.3d 102, 104-05 (1990).

{¶ 16} Wilkins presents various arguments as to why the trial court erroneously weighed the evidence presented during the trial to reach its factual conclusions. However, having reviewed the record, we find competent, credible evidence supports the trial court's conclusion that although the Harrisburg defendants did not comply with R.C. 713.12 when they did not notify Wilkins of a hearing on the proposed rezoning, there is no evidence to suggest their conduct in violating R.C. 713.12 was willful, knowing, or malicious. Additionally, as we noted above, the relative weight to be given witness testimony and the credibility to be afforded each of the witnesses is a question for the trial court. *Rahman* at ¶ 36. Wilkins continues, as she did in the trial court, to assert her theory that the Harrisburg defendants conspired against her to purposefully deprive her of her hearing rights. However, her theory is without evidentiary support. Thus, we find competent, credible evidence supports the trial court's finding that the conduct was not a willful, knowing, or malicious violation of Wilkins' rights.

{¶ 17} For these reasons, we overrule Wilkins' first, second, third, fourth, and sixth assignments of error.

## IV. Fifth Assignment of Error – Motion for New Trial

{¶ 18} In her fifth assignment of error, Wilkins argues the trial court abused its discretion in denying her motion for new trial.

{¶ 19} As relevant here, Civ.R. 59(A) provides that a court may grant a motion for new trial upon any of the following grounds:

> (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or

> abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
>
> (2) Misconduct of the jury or prevailing party;
>
> * * *
>
> (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
>
> (7) The judgment is contrary to law[.]

Civ.R. 59(A)(1), (2), (6), and (7).

{¶ 20} The decision to grant or deny a motion for new trial, pursuant to Civ.R. 59, lies within the sound discretion of the trial court, and an appellate court will not reverse that decision absent an abuse of discretion. *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312 (1995). An abuse of discretion connotes more than an error or law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 21} Wilkins' argument in support of her fifth assignment of error is a restatement of the arguments she made in her first, second, third, fourth, and sixth assignments of error. More specifically, Wilkins argues the trial court erroneously entered judgment in favor of the Village and the Harrisburg defendants, asserting that judgment relied on allegedly false and perjured testimony. In support of her motion for new trial, Wilkins relies on minutes from several meetings before the Village's council that Wilkins claims contradict the testimony the Harrisburg defendants provided at trial. This is the same information Wilkins presented during her trial, and the trial court had the opportunity to assess the credibility of all witnesses during the trial. Having already determined in our disposition of Wilkins' first, second, third, fourth, and sixth assignments of error that the trial court did not err in finding the Harrisburg defendants were entitled to immunity on Wilkins' claims, Wilkins' arguments similarly do not support her motion for new trial. Accordingly, the trial court did not abuse its discretion in denying Wilkins' motion for new trial, and we overrule Wilkins' fifth assignment of error.

## V. Disposition

{¶ 22} Based on the foregoing reasons, the trial court did not err in concluding the Village and the Harrisburg defendants were entitled to immunity as employees of a political subdivision, and the trial court did not err in rendering judgment in favor of appellees. Additionally, the trial court did not abuse its discretion in denying Wilkins' motion for new trial. Having overruled Wilkins' six assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

BROWN and BRUNNER, JJ., concur.