[Cite as *Hillman v. Larrison*, 2020-Ohio-5522.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert L. Hillman, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 20AP-7 |
| v. | : | (C.P.C. No. 15CV-2664) |
| David Larrison, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 3, 2020

*Robert L. Hillman*, pro se.

*Zach Klein*, City Attorney, and *Janet R. Hill Arbogast*, for appellee.

ON APPLICATION FOR RECONSIDERATION

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Robert L. Hillman, has filed an application seeking reconsideration of this Court's decision in *Hillman v. Larrison*, 10th Dist. No. 20AP-7, 2020-Ohio-4896 ("*Hillman V*"). For the following reasons, we deny the application.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} App.R. 26(A) provides for the filing of an application for reconsideration. We have previously set forth the standard by which we evaluate applications for reconsideration under App.R. 26:

> " 'App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.' " *Corporex Develop. & Constr. Mgt., Inc. v. Shook, Inc.*, 10th Dist. No. 03AP-269, 2004-Ohio-2715, ¶ 2, quoting *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). When presented with an application for reconsideration filed pursuant to

App.R. 26, an appellate court must determine whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), syllabus. Importantly, an appellate court will not grant "[a]n application for reconsideration * * * just because a party disagrees with the logic or conclusions of the appellate court." *Bae v. Dragoo & Assocs., Inc.*, 10th Dist. No. 03AP-254, 2004-Ohio-1297, ¶ 2.

*State v. Harris*, 10th Dist. No. 13AP-1014, 2014-Ohio-672, ¶ 8.

An application for reconsideration is not intended for cases in which a party simply disagrees with the reasoning and conclusions of the appellate court. *Drs. Kristal & Forche, D.D.S., Inc. v. Erkis*, 10th Dist. No. 09AP-06, 2009-Ohio-6478, ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). An application for reconsideration will be denied where the moving party "simply seeks to 'rehash the arguments' " presented in the initial appeal. *Appenzeller v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 17AP-747, 2018-Ohio-1698, ¶ 4, quoting *Garfield Hts. City School Dist. v. State Bd. of Edn.*, 85 Ohio App.3d 117, 127, 619 N.E.2d 429 (10th Dist.1992). Thus, if an application for reconsideration does not raise an issue that either was not considered at all or was not fully considered, nor demonstrates the court made an obvious error or rendered a decision unsupportable under the law, it should not be disturbed. *Harris* at ¶ 8.

*Hal v. State Dept. of Edn.*, 10th Dist. No. 18AP-301, 2020-Ohio-204, ¶ 2.

{¶ 3} In his application, Hillman raises neither an obvious error nor an issue this Court should have, but did not, fully consider. Rather, Hillman argues anew the same points that this Court fully considered in connection with rendering its merit decision.

{¶ 4} Our decision in *Hillman V* addressed Hillman's single assignment of error that the trial court had denied him substantive due process and equal protection of the law when it refused to address his claim that court costs and filing fees were illegally imposed on him in the underlying matter and our determination that the trial court had not denied Hillman those rights. We found that the trial court's judgment entry did not impose any court costs (or filing fees) on Hillman, he was not adversely affected, and the issue of court costs was not properly before this Court.

{¶ 5}  Our decision also discussed our determination that Hillman's grievance lay with the Clerk of Courts, who is not a party to this action. Consequently, Hillman's allegations concerning fees was not something this Court could consider.

{¶ 6}  Hillman further asserts in his application that this Court, in deciding *Hillman V*, denied him due process when it struck the reply brief he filed after appellee filed a brief that erroneously indicated that *Hillman V* had been docketed to this Court's regular calendar.   As Hillman acknowledges in his application for reconsideration, *Hillman V* was docketed to the accelerated calendar. Neither appellee's erroneous designation of "Regular Calendar" on its brief, nor this Court's typographical error on its decision rendered October 13, 2020 and judgment entry issued October 15, 2020, reassigned *Hillman V* from the accelerated calendar to the regular calendar. The rules applicable to appeals assigned to the accelerated docket apply to *Hillman V*, and Hillman's reply brief was therefore stricken, as it should have been.   There is no obvious error or decision unsupportable under the law. *Hal*; *Harris.*   Contrary to Hillman's assertion, this Court provided a full and fair review of his appeal under the applicable rules.

{¶ 7}  Hillman's disagreement with our review of the trial court's decision according to law or conclusions therefrom does not support his contention that we should reconsider our previous decision and his application is denied.

*Application for reconsideration denied.*

KLATT and LUPER SCHUSTER, JJ., concur.