[Cite as *Klickovich v. State Med. Bd. of Ohio*, 2026-Ohio-31.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Robert Klickovich, M.D., :

       Appellant-Appellant, :       No. 24AP-446
                      (C.P.C. No. 23CV-7860)

v. :

                         (REGULAR CALENDAR)

State Medical Board of Ohio,
                       :

       Appellee-Appellee. :

                       :

D E C I S I O N

Rendered on January 8, 2026

*Dinsmore & Schohl, LLP, Elizabeth Y. Collis*, and *Heidi W. Doarn*; *Statman Harris, LLC, Alan J. Statman*, and *William B. Fecher*, for appellant.

*Dave Yost*, Attorney General, *Iris L. Jin, Daniel G. Wilson, Brandon W. Puckett*, and *Kyle C. Wilcox*, for appellee.

ON APPLICATION FOR RECONSIDERATION

BEATTY BLUNT, J.

{¶ 1} Appellant, Robert Klickovich, M.D., has filed an application for reconsideration of this court's August 7, 2025 decision in *Klickovich v. State Med. Bd. of Ohio*, 2025-Ohio-2783, which granted in part and overruled in part his first assignment of error, found moot his second assignment of error, and remanded this matter to the Franklin County Court of Common Pleas for further proceedings. For the following reasons, we grant the application for reconsideration.

{¶ 2} When presented with an application for reconsideration filed pursuant to App.R. 26(A)(1), an appellate court must determine whether the application calls to the court's attention an obvious error in its decision or raises an issue that the court should have, but did not, fully consider. *Stanley Miller Constr. Co. v. Ohio School Facilities*

*Comm.*, 2011-Ohio-909, ¶ 6 (10th Dist.); *Columbus v. Hodge*, 37 Ohio App.3d 68, 69 (10th Dist. 1987). Importantly, an appellate court will not grant an application for reconsideration merely because a party disagrees with the logic or conclusions of the underlying decision. *State v. Stewart*, 2013-Ohio-78, ¶ 3 (10th Dist.); *Wiltz v. Clark Schaefer Hackett & Co.*, 2011-Ohio-6664, ¶ 2 (10th Dist.); *Bae v. Dragoo & Assoc., Inc.*, 2004-Ohio-1297, ¶ 2 (10th Dist.). Nor will an appellate court grant an application for reconsideration where the moving party "simply seeks to 'rehash the arguments' " presented in the initial appeal. *Appenzeller v. Ohio Dept. of Rehab. & Corr.*, 2018-Ohio-1698, ¶ 4 (10th Dist.), quoting *Garfield Hts. City School Dist. v. State Bd. of Edn.*, 85 Ohio App.3d 117, 127 (10th Dist. 1992). Furthermore, an application for reconsideration is not a means to raise new arguments or issues. *Elec. Classroom of Tomorrow v. Ohio State Bd. of Edn.*, 2019-Ohio-1540, ¶ 3 (10th Dist.), citing *State v. Wellington*, 2015-Ohio-2095, ¶ 9 (7th Dist.). Thus, if an application for reconsideration does not raise an issue that either was not considered at all or was not fully considered, nor demonstrates the court made an obvious error or rendered a decision unsupportable under the law, it will not be disturbed. *State v. Harris*, 2014-Ohio-672, ¶ 8 (10th Dist.).

{¶ 3} In this court's prior decision, we concluded that appellant's second assignment of error was rendered moot by virtue of our determination regarding his first assignment of error and remand to the trial court. Appellant now argues that we committed an obvious error in coming to this conclusion, and requests that this court either address and rule upon his second assignment of error or include in our instructions on remand to the trial court an instruction directing the trial court to address and rule upon the issues raised in appellant's second assignment of error.

{¶ 4} In support of his application, appellant argues that the issues raised in his second assignment of error on appeal to this court are not moot based on the criteria set forth in *State v. Gideon*, 2020-Ohio-6961, because the resolution of those issues will have a "practical legal effect upon a then-existing controversy." (Internal quotation marks deleted.) *Id.* at ¶ 26. Specifically, appellant asserts the following:

- If the trial court (or this court) determines that the Board erred in imposing discipline without citing to a provision of R.C. 4731.22 as a basis for any discipline; then the Board's Order must be vacated regardless of the outcome of an administrative review of the record.

- If the trial court (or this court) determines that the Board's order violated Appellant's due process rights by not providing notice that his conduct could subject him to discipline; then the Board's Order must be vacated regardless of the outcome of an administrative review of the record.

- If the trial court (or this court) determines that the Board erred in disciplining Appellant based on purported violations of the AMA Code of Ethics and/or that his conduct fell below the standard of care; then the Board's Order must be vacated regardless of the outcome of an administrative review of the record.

(*See* Appellant's Reply in Support at 2.) Thus, argues appellant, the errors raised by appellant in the trial court that were not addressed by the trial court based upon its own finding of mootness in light of its (erroneous) remand to the Board are independent bases for the trial court to vacate the Board's order in its entirety. Therefore, concludes appellant, on appeal those same issues have not been rendered moot by our resolution of appellant's first assignment of error. Upon consideration, we agree with appellant.

{¶ 5} Notwithstanding the foregoing, it would be inappropriate for this court to consider and resolve the issues raised in appellant's second assignment of error (i.e., the assignments of error asserted by appellant in the trial court which the trial court did not consider on the basis of mootness). This is so because "an appellate court limits its review to issues actually decided by the trial court in its judgment." *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21; *accord Young v. Univ. of Akron*, 2007-Ohio-4663, ¶ 22 (10th Dist.) ("Generally, appellate courts do not address issues which the trial court declined to consider.") (issue remanded to trial court for initial consideration); *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 935 (10th Dist. 2000) ("Appellate courts also do not address issues that the trial court declined to consider. . . . In such a situation, the appellate court should reserve judgment until such time as the undecided issues are considered by the trial court and that decision is appealed."). Accordingly, the proper course of action is for the trial court to consider and resolve the issues raised in appellant's second assignment of error upon remand.

{¶ 6} Based on the foregoing, we find appellant has satisfied the grounds for reconsideration under App.R. 26(A)(1); therefore, we grant appellant's application. On

reconsideration, we find that appellant's second assignment of error was not rendered moot by virtue of our determination regarding his first assignment of error and instead find that the trial court erred in not addressing and ruling upon the issues raised in appellant's second assignment of error.

{¶ 7}   Accordingly, upon remand, in addition to conducting the proper review as set forth in R.C. 119 in the first instance as instructed in our prior decision, the trial court is hereby instructed to consider and rule upon the assignments of error asserted by appellant in the trial court.  This cause is remanded again to the trial court for further proceedings in accordance with law, consistent with this decision.

*Application for reconsideration granted.*

EDELSTEIN and DINGUS, JJ., concur.

————————