[Cite as *Fox v. Schwartz & Dompier*, 2026-Ohio-1025.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID E. FOX | Case No. 2025 CA 00024 |
| Plaintiff – Appellee/Cross - Appellant | Opinion and Judgment Entry |
| -vs- | Appeal from the Fairfield County Court of Common Pleas, Case No. 20CV 160 |
| DAVID N.J. SCHWARTZ, ET AL. AND ASHLIE AND RYAN DOMPIER | Judgment: Affirmed in part; Reversed and Remanded in part |
| Defendants – Appellants/Cross - Appellees | Date of Judgment Entry: March 24, 2026 |

**BEFORE:** Robert G. Montgomery; William B. Hoffman; Craig R. Baldwin, Judges

**APPEARANCES:** Andrew C. Clark, Colleen R. Vance, Patrick S. Carpenter, Onda LaBuhn Ernsberger & Boggs Co., LPA, for Plaintiff-Appellee/Cross-Appellant; Stephen D. Brown, Brown Law Limited, for Defendants-Appellants/Cross-Appellees.

*Hoffman, J.*

{¶1} Defendants-Appellants/Cross-Appellees Ashlie and Ryan Dompier (hereinafter "Dompiers") appeal the judgment entered by the Fairfield County Common Pleas Court following bench trial awarding declaratory judgment to Plaintiff-Appellee/Cross-Appellant David E. Fox (hereinafter "Fox") allowing certain actions to be taken by Fox with respect to real property owned by the Dompiers. Fox appeals the judgment entered by the Fairfield County Common Pleas Court following bench trial finding in favor of the Dompiers on his claim for tortious interference with contract.

STATEMENT OF THE FACTS AND CASE

{¶2} David and Katie Schwartz, defendants below but not parties to this appeal, owned a farm in Fairfield County. Fox and his then-partner McKonkey[1] were interested in buying a parcel of land from Schwartz. The Dompiers were also interested in buying a parcel of land from Schwartz.

{¶3} David and Katie Schwartz moved to New York state in March of 2019, leaving their son, Sammie, to negotiate with potential buyers and act as a messenger. Because the Schwartzes were of the Amish faith, they did not use modern technology. Both Fox and the Dompiers were interested in separate parcels of land from the farm.

{¶4} On April 30, 2019, Fox and Sammie Schwartz signed an agreement (hereinafter "Proposal"). The agreement is entitled "Proposal" and is on the letter head of Fox Den Construction, Inc. Below the preprinted heading on the form is a handwritten section titled "conditions on farm purchase." The conditions included a price of crop acreage at $5,500 per acre and non-crop acreage at $3,000 per acre. The conditions also included provisions regarding maintenance of a creek bed and dry dams which allowed encroachment on the property the Dompiers became interested in purchasing. Sammie accepted a down payment of $1,000 from Fox. David Schwartz became aware of the signing of this proposal no later than May 5, 2019. By letter dated March 10, 2020, David Schwartz offered a price reduction from the sale price listed on the proposal and agreed to close by April 15, 2020. Fox confirmed the agreement by letter dated March 13, 2020. The sale involved a parcel totaling approximately 44 acres of the 123 acre farm owned by the Schwartzes. However, the property was not transferred to Fox. Meanwhile, the

---

[1] McConkey, originally a plaintiff in this action, passed away during the pendency of litigation, and the parties stipulated to his removal from this case, leaving Fox as the sole plaintiff. See Judgment Entry, June 9, 2025.

Dompiers purchased the neighboring parcel to the 44-acre parcel Fox sought to purchase on October 29, 2019.

{¶5} Fox brought the instant action on June 18, 2020, alleging ten causes of action: (1) declaratory judgment finding Fox and Schwartz entered an enforceable contract for the sale of the property, (2) specific performance ordering Schwartz to convey the property via general warranty deed and seeking damages for breach of contract, (3) breach of contract damages for inability to farm the property, (4) declaratory judgment against the Dompiers finding Fox is entitled to take action on the Dompiers' property pursuant to the terms of the Proposal, (5) tortious interference with contract against the Dompiers, (6) breach of contract against Schwartz for transferring the parcel to the Dompiers without preserving Fox's rights with respect to the parcel, (7)equitable estoppel against Schwartz regarding improvements Fox made to the parcel, (8) unjust enrichment and quantum meruit in the event the court found no enforceable contract for sale of the parcel, (9) fraud against Sammie Schwartz, and (10) tortious interference with contract against the tenant farming the property.

{¶6} The case proceeded to bench trial in the Fairfield County Common Pleas Court. Relevant to this appeal, the trial court found an enforceable contract for the sale of the 44 acre parcel from Schwartz to Fox existed, based on two theories: (1) the Proposal coupled with subsequent correspondence between the parties formed an enforceable contract for sale of the property, or in the alternative, (2) Sammie Schwartz had authority to sign the Proposal on behalf of David and Katie Schwartz. The trial court ordered transfer of the property from Schwartz to Fox for $216,010.50, which included the sale price reduction set forth in the letters exchanged between Schwartz and Fox subsequent to the Proposal. Based on conveyance of the property, the trial court did not award money

damages to Fox based on Schwartz's breach of the contract. The trial court scheduled a later hearing on attorney fees for breach of the contract.

{¶7} As to the Dompiers, the trial court granted Fox declaratory judgment, finding the Dompiers were not bona fide purchases for value because they were present at the signing of the Proposal. The trial court declared Fox was entitled to remove the fence and trees on the lower portion of his property and place the materials on the Dompiers' property, to cut and remove trees on the west side of the top portion of his property, to build and maintain two dry dams on the west side of his property, and to remove trees from and maintain the side of the creek banks adjacent to his property. The trial court found the testimony related to Fox's claim against the Dompiers for tortious interference of property to be too general and speculative, and found because the court was enforcing the underlying contract in the first instance, there were no resulting damages to award on the claim.

{¶8} Subsequent to its January 28, 2025 judgment entry following bench trial, the parties sought an agreed final judgment entry. On June 5, 2025, the trial court entered judgment incorporating its January 28, 2025 judgment entry; deleting McConkey from the case by virtue of the suggestion of death filed in the case and the notice of waiver and release filed in the action, accepting the resolution of a reduction of the purchase price by $23,000 in full resolution of Fox's claims for attorney fees against Schwartz, and ordering the closing the sale of the property by June 9, 2025.

{¶9} It is from the January 28, 2025, and June 5, 2025, judgments of the trial court the Dompiers prosecute their appeal, assigning as error:

I. THE TRIAL COURT ERRED WHEN IT DETERMINED APPELLANTS WERE NOT GOOD FAITH PURCHASERS OF THEIR PROPERTY AND NOT ENTITLED TO GOOD FAITH PURCHASE PROTECTION.

{¶10} It is also from the January 28, 2025 and June 5, 2025, judgments of the trial court Fox prosecutes his appeal, assigning as error:

I. THE FAIRFIELD COUNTY COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR BY REFUSING TO FIND RYAN AND ASHLIE DOMPIER LIABLE FOR TORTIOUS INTERFERENCE WITH CONTRACT AND AWARDING COMPENSATORY AND PUNITIVE DAMAGES ARISING THEREFROM PLUS ATTORNEY FEES INCURRED IN RELATION THERETO.

{¶11} We first address the Dompiers' assignment of error on appeal.

I.

{¶12} In their sole assignment of error, the Dompiers argue the trial court erred in finding they were not bona fide purchases for value. We agree the trial court made an erroneous factual finding, but decline to decide based on procedural posture of this case whether the Dompiers are or are not bona fide purchasers for value.

{¶13} Fox sought a declaration he was entitled to enforce the provisions of the Proposal which encroached upon the Dompiers' land. The Dompiers argued because they

were bona fide purchasers for value of the property, they were not subject to these provisions of the Proposal.

**{¶14}** A bona fide purchaser for value is a purchaser who takes property: 1) for valuable consideration, 2) in good faith, and 3) absent notice of any adverse claims. *The Shaker Corlett Land Co. v. Cleveland,* 39 Ohio St. 536, 542 (1942).

**{¶15}** The trial court made the following finding regarding whether the Dompiers were bona fide purchasers for value:

> Testimony and evidence presented at trial confirms that the Dompiers acquired the Dompier Parcel on October 29, 2019, by General Warranty Survivorship Deed. The Proposal was signed *in the presence of the Dompiers*, on April 30, 2019. The Dompiers, therefore, were aware of the provisions in the Proposal relating to the respective rights of the Subject Property and the Dompier Parcel at the time of conveyance. The Court finds that the Dompiers do not, by law, receive the protections of bona fide purchases [sic], and took title to the Dompier Parcel subject to the enforceable provisions in the Proposal.

**{¶16}** Judgment Entry, January 28, 2025, p. 15 (emphasis added).

**{¶17}** Both parties agree the trial court's finding the Dompiers were present when the Proposal was signed is incorrect. The Dompiers argue the trial court erred in finding they were not bona fide purchasers because they were not present at the signing, the contract between Fox and Schwartz was not formed until long after the Dompiers purchased their parcel, and when they investigated the work they observed on the

property prior to their purchase, the Dompiers believed only preparations for farming were being conducted. In the alternative to a finding by this Court they were in fact bona fide purchasers for value, the Dompiers' counsel agreed at oral argument the matter could be remanded to the trial court for determination of the issue based on the evidence, excluding the trial court's erroneous factual conclusion the Dompiers were present at the signing of the Proposal.

{¶18} Fox argues any error in the trial court's erroneous factual finding is harmless. He argues the evidence reflects the Dompiers reviewed the Proposal prior to purchasing their parcel, and their claim they believed the Proposal was merely a work order and not a contract is unreasonable. Fox argues the trial court's alternate theory that Sammie Schwartz had authority to sell the property on behalf of his parents renders the Proposal an enforceable contract for the sale of the property, independent of later communications between the parties.

{¶19} We disagree with Fox's interpretation of the trial court's judgment regarding the date the contract for sale of the land was formed between the parties. The trial court did find Sammie had authority to sell the property and to sign the Proposal on behalf of his parents. However, in granting declaratory judgment and specific performance, the trial court incorporated the later agreement between the parties pursuant to the 2020 correspondence, and concluded the purchase price was $20,000.00 less than the amount set forth in the Proposal. Had the trial court found the Proposal to be a fully complete and enforceable contract as of April 30, 2019, the trial court would have entered judgment in accordance with the purchase price set forth therein. Therefore, it is clear the trial court did not find the Proposal constituted a complete contract of sale between the parties because it enforced agreed-upon terms set forth

nearly a year after the signing of the Proposal, in subsequent communications between Fox and Schwartz.

{¶20} However, while there is evidence the Dompiers reviewed the Proposal prior to purchasing their property, we decline to find the trial court's error in finding the Dompiers were present at the signing of the Proposal to be harmless. Because the trial court did not cite to other evidence regarding the Dompiers' knowledge of the Proposal and relied solely on their presence at its signing, we do not know how the trial court would have evaluated and resolved the other evidence in its role as trier of fact. As stated recently by the Tenth District Court of Appeals:

Notwithstanding the foregoing, it would be inappropriate for this court to consider and resolve the issues raised in appellant's second assignment of error (i.e., the assignments of error asserted by appellant in the trial court which the trial court did not consider on the basis of mootness). This is so because "an appellate court limits its review to issues actually decided by the trial court in its judgment." *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21; *accord Young v. Univ. of Akron*, 2007-Ohio-4663, ¶ 22 (10th Dist.) ("Generally, appellate courts do not address issues which the trial court declined to consider," issue remanded to trial court for initial consideration); *Crestmont Cleveland Partnership v. Ohio Dept. of Health,* 139 Ohio App.3d 928, 935 (10th Dist. 2000) ("Appellate courts also do not address issues that the trial court declined to consider. . . . In such a situation, the appellate court should reserve judgment until such time as the undecided issues are considered by the trial court and that decision is

appealed."). Accordingly, the proper course of action is for the trial court to consider and resolve the issues raised in appellant's second assignment of error upon remand.

{¶21} *Klickovich v. State Med. Bd. of Ohio*, 2026-Ohio-31, ¶ 5 (10th Dist.).

{¶22} Because the trial court based its decision on an erroneous factual finding and did not appear to consider other evidence in determining whether the Dompiers were bona fide purchasers for value, we find a remand for a redetermination of the issue is appropriate in the instant case.

{¶23} The assignment of error is sustained.

{¶24} We next turn to the assignment of error raised by Fox on cross-appeal.

I.

{¶25} Fox argues the trial court erred in finding in favor of the Dompiers on his tortious interference with contract claim. He specifically argues the trial court erred in finding he had not proven compensatory damages, and further argues the trial court should have awarded punitive damages and attorney fees on his claim. We disagree.

{¶26} Although not set forth as such, Appellant essentially argues the trial court's judgment in favor of the Dompiers on his tortious interference with contract claim is against the manifest weight of the evidence.

{¶27} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.,* 54 Ohio St.2d 279, 280 (1978). A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,*

1993-Ohio-9. The underlying rationale for giving deference to the findings of the trial court rests with the knowledge the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶28} The elements of tortious interference with contract are: (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages. *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171, 176.

{¶29} Fox argues the trial court erred in finding he suffered no damages as a result of the Dompiers' intentional interference with contract; however, it is apparent from the trial court's finding on this claim, the trial court found both: (1) Fox did not prove the Dompiers engaged in tortious interference with contract, and (2) there are no resulting damages on the claim:

> The Court does not find that damages under this claim are appropriate. The Court heard testimony regarding efforts undertaken by Ryan Dompier to convince David Schwartz to not honor the terms of the contract relating to the Subject Property. Plaintiff also argues that Ryan Dompier asserted control over the course and strategy of the litigation in such a way as to interfere with the wishes of the Schwartzes.
>
> The Court finds the testimony related to these matters to be too general and speculative. No concrete evidence has been presented to warrant the award of damages relating to tortious interference with the

contract. In addition, because the Court is enforcing the underlying contract in the first instance, there are no resulting damages to award on this claim.

**{¶30}** Judgment Entry, January 28, 2025, p. 16.

**{¶31}** We find the trial court's finding the Dompiers did not engage in tortious interference with contract is not against the manifest weight of the evidence. From the trial court's finding the evidence of interference was too speculative and general to support the claim, it is apparent the trial court found Fox's claim Ryan Dompier steered David Schwartz into breaching the contract to not be credible. When questioned concerning whether Schwartz allowed the Dompiers to steer the entire litigation on his behalf, Schwartz testified it was still his farm, and he had decisions to make on what to do. Tr. 196. Although the Dompiers were a part of the litigation process and shared an attorney with Schwartz, David Schwartz testified he received a referral of the attorney from another man in addition to the Dompiers. David Schwartz testified he did not discuss the contract terms with Ryan Dompier. We find the trial court's conclusion the evidence regarding the claim for tortious interference with contract was too general and speculative to warrant relief is not against the manifest weight of the evidence, particularly in light of the trial court's superior position to this Court in judging the credibility of the witnesses.

**{¶32}** The assignment of error on cross-appeal is overruled.

**{¶33}** The judgment of the Fairfield County Common Pleas Court is reversed as to its finding the Dompiers were not a bona fide purchaser for value, and remanded for

redetermination of the issue consistent with this opinion.  In all other respects, the judgment is affirmed.

{¶34} Costs to Appellee/Cross-Appellant David Fox.


By: Hoffman, J.

Montgomery, P.J. and

Baldwin, J. concur.